GERALDINE OBERT *et al.*, Plaintiffs-Appellees, v. JEFFREY SAVILLE, Defendant and Third-Party Plaintiff-Appellee (The City of Aurora, Defendant and Third-Party Defendant-Appellant).

Second District   No. 2—92—0330

Opinion filed December 10, 1993.

Michael B. Weinstein, of City of Aurora Law Department, of Aurora, for appellant.

Norman H. Lehrer and Maureen Flaherty, both of Lehrer, Flaherty & Canavan, P.C., of Wheaton, and Herbert Hill, of Law Offices of Herbert W. Hill, of Aurora, for appellees.

JUSTICE DOYLE delivered the opinion of the court:

Defendant, the City of Aurora (Aurora), timely appeals from a judgment entered on a jury verdict in the circuit court of Kane County in favor of plaintiffs Geraldine Obert, Keith Obert, Daniel Obert, David Obert, and Jessica Obert. Jeffrey Saville, defendant and third-party plaintiff, is not a party to this appeal.

The issues raised are (1) whether Aurora received legally sufficient notice of plaintiffs' motion to amend their complaint which resulted in Aurora being joined as an additional defendant; (2) whether the trial court erred in failing to dismiss Aurora because the applicable statute of limitations had run at the time plaintiffs' second amended complaint was filed; and (3) whether the trial court erred in failing to direct a verdict in favor of Aurora on the issue of proximate cause.

This dispute arose from a vehicular collision at the intersection of Farnsworth Avenue and Mountain Street in Aurora, Illinois. Farnsworth Avenue is a north-south thoroughfare, and southbound traffic is not required to stop at the intersection with Mountain Street. Mountain Street traverses Farnsworth in an east-west direction. Westbound traffic on Mountain Street encounters a stop sign at the intersection with Farnsworth Avenue. At the time of the accident, foliage obscured the stop sign on Mountain Street. Weather and road conditions were not factors.

On June 13, 1987, plaintiffs' vehicle was traveling southbound on Farnsworth when it was struck by a pickup driven by Jeffrey Saville. Saville was traveling westbound on Mountain at an estimated speed of 50 miles per hour and failed to stop at the intersection. Saville testified that he could not recall driving on Mountain Street on the date of the accident or any details of the accident.

Defendant Aurora initially raises two procedural issues; therefore, it is necessary to trace the relevant procedural history. On September 17, 1987, plaintiffs filed a two-count complaint against defendant Jeffrey Saville, alleging negligence and intentional infliction of emotional distress. Saville answered, and on February 17, 1988, he filed a third-party complaint for contribution against Aurora, alleging, in part, that Aurora's failure to trim the trees which obstructed the stop sign at the intersection of Farnsworth and Mountain was the proximate cause of plaintiffs' injuries.

Approximately nine months later, on November 14, 1988, following the dismissal without prejudice of their emotional distress count, plaintiffs amended their complaint against Saville. Their

amended complaint added no additional defendants and attempted to cure deficiencies in their emotional distress claim.

On December 14, 1988, plaintiffs deposed Saville. At the deposition, plaintiffs received for the first time photographs of the accident site. The photographs showed the stop sign almost entirely obstructed by surrounding foliage.

According to the certificate of service, plaintiffs, on March 21, 1989, noticed a motion to be heard on April 6, 1989. The notice of motion stated that plaintiffs would present their "2—604.1 Motion to Amend Complaint to plead punitive damages and Second Amended Complaint." Included on the service list was counsel for the City of Aurora. Also attached to the notice was a copy of plaintiffs' second amended complaint naming Aurora as an additional defendant. In count IV, plaintiffs alleged, in part, that Aurora's failure to trim foliage from trees and bushes near the stop sign on Mountain Street obstructed the sign thus making the intersection unsafe for vehicular traffic.

On March 30, 1989, Aurora noticed a motion for an April 6, 1989, hearing, to challenge the filing of plaintiffs' second amended complaint on the grounds that plaintiffs failed to timely join Aurora as an additional defendant. The motion was originally entitled "Motion to Deny The Plaintiff The Right To File Count IV of Its Second Amended Complaint." It appears from the record, however, that Aurora's motion in opposition to plaintiffs' request for leave to file was subsequently treated as either a motion to dismiss or motion to strike count IV. On April 6, the trial court granted plaintiffs leave to file *instanter* their second amended complaint. No transcript of the hearing was provided with the record on review.

Aurora's motion was subsequently denied on September 7, 1989, and Aurora answered. The cause proceeded to trial, and a jury verdict in favor of plaintiff and against both Saville and Aurora was entered. Aurora appeals.

■ On appeal, Aurora contends that plaintiffs failed to provide proper notice of their intention to join Aurora as an additional defendant. Aurora argues that because plaintiffs' motion was styled as a motion to amend their amended complaint to plead punitive damages and the motion itself made no mention of joining Aurora as an additional defendant, plaintiffs' attempt to obtain leave of court to join Aurora as an additional defendant was legally deficient. We disagree.

First, contrary to Aurora's assertion in its brief, plaintiffs' notice of motion named Aurora as a defendant. Additionally, the proof

of service stamp on the notice stated that on March 21, 1989, notice was served by mailing a copy to each person to whom it was directed and attached to the notice was a service list which included counsel for the City of Aurora.

Second, a copy of plaintiffs' second amended complaint naming Aurora as a defendant was attached to the notice of motion, and Aurora, in its motion to deny plaintiff the right to file, conceded its receipt. Although Aurora argued in its reply brief that its motion was not filed until May 25, 1989, the proof-of-service stamp on the last page of the second amended complaint certified that on March 21, 1989, a copy of the complaint was served upon the attorneys of record of all parties to the above cause.

Aurora correctly asserts that plaintiffs' motion to amend did not expressly articulate their intention to join Aurora as an additional defendant. We perceive no prejudice, however, for two reasons. First, Aurora's motion challenging plaintiffs' right to file belies its assertion that it failed to receive any notice.

Second, Aurora was allowed ample opportunity to challenge its joinder as an additional defendant. Following the trial court's granting plaintiffs leave to amend, the trial court treated Aurora's motion in opposition as either a motion to dismiss or motion to strike count IV of plaintiffs' second amended complaint. Plaintiffs responded to it, and Aurora replied to their response. Only after the trial court heard arguments on the motion did it deny Aurora's motion. Accordingly, even if notice were inadequate or improper in a technical sense, Aurora was not prejudiced because it availed itself of an ample opportunity to challenge its joinder.

Furthermore, to the extent that Aurora argues elsewhere in its brief that the trial court was somehow misled by plaintiffs' practice, we are unable to determine the efficacy of its claim without a transcript of the proceedings. As an appellant, Aurora had the burden of presenting a sufficiently complete record of the proceedings necessary to support its claim of error. (See *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92.) In the absence of such a record on appeal, a reviewing court presumes that the order entered by the trial court conformed with the law and had a sufficient factual basis. (*Foutch,* 99 Ill. 2d at 392.) Because Aurora failed to provide a transcript of the hearing on plaintiffs' motion to amend, there exists no basis upon which to conclude that the trial court was misled or otherwise abused its discretion.

■ Aurora contends next that the trial court erred in granting plaintiffs' motion to amend because the motion failed to conform to

the requirements of section 2—616(d) of the Code of Civil Procedure, which provides for joining additional defendants after the expiration of the statute of limitations. (See 735 ILCS 5/2—616(d) (West 1992).) In a conclusory fashion, Aurora asserts that plaintiffs amended their complaint to allege a direct action against Aurora after the statute of limitations applicable to governmental entities expired. See 745 ILCS 10/8—101 (West 1992).

If plaintiffs had filed no other action and chose only to assert a direct claim against Aurora, defendant's simple statement with minimal citation to authority might suffice. The procedural posture of the present case, however, raises a more complex question, and Aurora cites no authority or argument to resolve the threshold issue of whether the limitations period relative to plaintiffs' claim against Aurora expired where a timely filed claim for contribution had been asserted by Saville against Aurora. Additionally, Aurora cites no authority to support its contention that under the procedural posture of the present case plaintiffs were required to conform their motion for leave to amend to section 2—616 of the Code of Civil Procedure.

Bare contentions in the absence of argument or citation of authority do not merit consideration on appeal and are deemed waived. (*City of Highwood v. Obenberger* (1992), 238 Ill. App. 3d 1066, 1073-74.) A reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented (134 Ill. 2d R. 341(e)(7)), and it is not a repository into which an appellant may foist the burden of argument and research (*Pecora v. Szabo* (1982), 109 Ill. App. 3d 824, 825-26); it is neither the function nor the obligation of this court to act as an advocate or search the record for error (*Mielke v. Condell Memorial Hospital* (1984), 124 Ill. App. 3d 42, 48-49). Accordingly, these contentions are waived.

■ Aurora contends next that its motion for directed verdict at the close of all the evidence was improperly denied by the trial court because there was no evidence to support the conclusion that Aurora's negligence was the proximate cause of plaintiffs' injuries. Directed verdicts are appropriately entered only in those cases in which all the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510.) To properly state a cause of action for negligence, the plaintiff must establish that defendant owed a duty of care, a breach of that duty, and an

injury proximately caused by the breach. *Curatola v. Village of Niles* (1993), 154 Ill. 2d 201, 207.

Initially we note that Aurora attempts to dispute its negligence for failure to maintain an unobstructed stop sign. Aurora does not dispute that it owed plaintiffs a duty to maintain an unobstructed sign; instead, Aurora denies that the stop sign was obscured at the time of the accident. Aurora's denial rests solely on Saville's testimony that when he returned to the scene of the accident two weeks after its occurrence he could see the stop sign. Such an assertion is unsound. Saville's testimony does not purport to address sign visibility at the time of the accident. Moreover, Saville unequivocally testified that he could not recall any details surrounding the accident. Accordingly, we find this argument without merit.

Aurora's primary contention is that its failure to maintain an unobstructed stop sign was not the proximate cause of plaintiffs' injuries. The apparent gist of Aurora's argument is that Saville's inability to recall the collision refutes plaintiffs' contention that Aurora's failure to clear foliage obstructing the stop sign was a concurrent cause of plaintiffs' injuries.

Proximate cause is essentially a question of foreseeability; a negligent act is a proximate cause of an injury if the injury is of a type which a reasonable man would see as a likely result. (*Masotti v. Console* (1990), 195 Ill. App. 3d 838, 845.) A defendant's negligence will not constitute a proximate cause of a plaintiff's injuries, however, if some intervening act supersedes defendant's negligence. (*Duewel v. Lahman* (1981), 103 Ill. App. 3d 220, 226.) If, however, a defendant could reasonably foresee the intervening act, that act will not relieve the defendant of liability. (*Duewel*, 103 Ill. App. 3d at 226.) Additionally, " '[w]here injury or damage is caused by the concurrent negligence of two persons and the accident would not have occurred without the negligence of both, the negligence of each is the proximate cause of the injury or damage.' " (*Duewel*, 103 Ill. App. 3d at 226, quoting *Naslund v. Watts* (1967), 80 Ill. App. 2d 464, 470.) It logically follows, therefore, that there may be more than one proximate cause of a plaintiff's injuries. *Bentley v. Saunemin Township* (1980), 83 Ill. 2d 10, 17; *Ray v. Cock Robin, Inc.* (1974), 57 Ill. 2d 19, 23.

Viewing the evidence in a light most favorable to plaintiffs, it cannot be said that the evidence so overwhelmingly favors Aurora that the finding in favor of plaintiffs cannot stand. Under the facts of this case, Aurora should have reasonably foreseen, in the absence of an unobstructed stop sign, Saville's failure to exercise reasonable

care in the operation of his vehicle. (See *Bentley*, 83 Ill. 2d at 15; *Duewel*, 103 Ill. App. 3d at 226.) The risk that westbound drivers on Mountain Street might fail to recognize the hazards associated with traversing the intersection at Farnsworth Avenue, in the absence of an unobstructed stop sign, was an intervention of foreseeable negligence.

Aurora's argument incorrectly focuses on Saville's inability to recall details of the accident as a basis upon which to evaluate whether its negligence was a proximate cause of plaintiffs' injuries. The proper inquiry is whether the risk created by Aurora might include the intervention of the foreseeable negligence of others.

Additionally, Aurora's reliance on *Bogovich v. Nalco Chemical Co.* (1991), 213 Ill. App. 3d 439, is misplaced. In *Bogovich*, the court held that a plaintiff's loss of consciousness and control while operating a motor vehicle which resulted in a collision with defendant's parked vehicle was an unforeseeable, independent act, thus relieving defendant from any liability. (*Bogovich*, 213 Ill. App. 3d at 443-44.) We reject Aurora's strained attempt to equate a loss of consciousness and control prior to collision with Saville's failure to recall the events leading up to and the details of the accident.

Because the failure of Saville to exercise reasonable care in the operation of his vehicle as it traversed the intersection would not relieve Aurora of liability, it cannot be said that Saville was the sole proximate cause of plaintiffs' injuries. Accordingly, we find no basis upon which to disturb the judgment entered on the jury's verdict.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

INGLIS, P.J., and BOWMAN, J., concur.