# Illinois Official Reports

## Appellate Court

---

*Machnicki v. Kurowski*, 2018 IL App (1st) 171077

---

| | |
|---|---|
| Appellate Court Caption | RICHARD MACHNICKI, KATHY MACHNICKI, and ZBIGNIEW KUROWSKI, Plaintiffs, v. MARIUSZ KUROWSKI and UNKNOWN OWNERS, Defendants (Richard Machnicki and Zbigniew Kurowski, Plaintiffs and Counterdefendants-Appellants; Mariusz Kurowski, Individually and on Behalf of Kurowski Sausage Shop & Rich's Bakery, Inc., Counterplaintiff-Appellee). |
| District & No. | First District, Second Division<br>Docket No. 1-17-1077 |
| Filed | June 26, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CH-32792; the Hon. James P. Flannery, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Alexander Lacherbauer-Lynn, of Chicago, for appellants.<br><br>Glen J. Dunn Jr., of Glen J. Dunn Jr. & Associates, Ltd., and Marcy M. Labedz, of Law Offices of Kurowski-Labedz, LLC, both of Chicago, for appellee. |

Panel             JUSTICE PUCINSKI delivered the judgment of the court, with opinion.
Justices Hyman and Walker concurred in the judgment and opinion.

**OPINION**

¶ 1      Plaintiffs-counterdefendants, Richard Machnicki and Zbigniew Kurowski (collectively, plaintiffs), appeal from the trial court's order directing them to pay $339,000 in attorney fees and expenses to defendant-counterplaintiff, Mariusz Kurowski (defendant) pursuant to section 12.60(j) of the Business Corporation Act of 1983 (Corporation Act) (805 ILCS 5/12.60(j) (West 2016)). Plaintiffs contend on appeal that, in violation of the plain language of section 12.60(j), the trial court considered alleged acts by plaintiffs that occurred outside of the litigation when awarding said fees and expenses to defendant. For the reasons that follow, we disagree that reversible error occurred and affirm the trial court's judgment.

¶ 2                               BACKGROUND

¶ 3      The facts relevant to the present dispute are essentially undisputed by the parties. In 1998, the parties opened a Polish delicatessen and bakery called Kurowski Sausage Shop & Rich's Bakery, Inc. (Kurowski's), in Chicago's "Avondale" neighborhood. Claiming a change in the local demographic, plaintiffs later opened a new delicatessen and bakery—Pulaski Polish Deli & Bakery—in Chicago's "Dunning" neighborhood but did not invite defendant to join them in the new venture. In August 2012, plaintiffs filed a complaint for the partition of the real property (property) out of which Kurowski's was operated and that was jointly owned by the parties and Kathy Machnicki as individuals but was not an asset of the corporation.

¶ 4      In October 2012, defendant filed a counterclaim in response. His third amended counterclaim contained six counts: count I alleged breach of fiduciary duty, count II alleged breach of contract, count III alleged violation of the Illinois Trade Secrets Act (765 ILCS 1065/1 *et seq.* (West 2012)), count IV alleged violation of the Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.* (West 2012)), count V alleged tortious interference with a business expectancy, and count VI alleged unjust enrichment. Counts I and II sought relief for plaintiffs' alleged breaches under section 12.56 of the Corporation Act.

¶ 5      Following the confirmation of the court-ordered sale of the property, the matter was transferred from the chancery division to the law division of the circuit court for a jury trial on defendant's counterclaim. The jury found in favor of defendant and against plaintiffs and rendered an advisory verdict on counts II and V. In addition to following the jury's advice on counts II and V, the trial court also entered judgment on count I pursuant to section 12.56 of the Corporation Act. In sum, the trial court entered judgment in favor of defendant and against plaintiffs as follows: (1) plaintiffs were to purchase defendant's shares in Kurowski's for the sum of $152,272 plus $17,980.61 in prejudgment interest, (2) additional joint and several compensatory damages against both plaintiffs in the amount of $18,618.90, (3) punitive damages against Richard Machnicki in the amount of $15,454.54, and (4) punitive damages against Zbigniew Kurowski in the amount of $8181.81. Defendant voluntarily dismissed count VI without prejudice, and counts III and IV were dismissed by the trial court prior to trial.

¶ 6     Thereafter, defendant filed a petition for attorney fees and expenses pursuant to section 12.60(j) of the Corporation Act. In it, defendant argued that he was entitled to an award of attorney fees and expenses because plaintiffs had engaged in actions that were arbitrary, vexatious, and not in good faith when they attempted to squeeze him out of Kurowski's for less than fair market value, misused Kurowski's funds, and engaged in misconduct during discovery. Defendant also argued that by ordering the sale of defendant's shares in Kurowski's pursuant to section 12.56, the trial court must necessarily have found that plaintiffs committed shareholder oppression, wasted corporate assets, or otherwise breached their fiduciary duties, and that such findings justified an award of attorney fees and expenses under section 12.60(j).

¶ 7     Among other things, plaintiffs argued in response that the arbitrary, vexatious, or not in good faith actions that would justify an award of attorney fees and expenses under section 12.60(j) must take place within the litigation at issue and, because the actions relied upon by defendant occurred primarily outside of the litigation, they could not serve as a basis for an award. In addition, plaintiffs argued that the fees and expenses sought by defendant were unreasonable because some of the fees sought were not associated with claims subject to section 12.60(j) or were not a direct result of the allegedly arbitrary, vexatious, or bad faith actions of plaintiffs.

¶ 8     Following a hearing on the matter, the trial court issued an order denying defendant's fee petition. In the order, relying on the case of *Abreu v. Unica Industrial Sales, Inc.*, 224 Ill. App. 3d 439 (1991), the trial court held that the actions alleged by defendant did not fall within the scope of section 12.60(j) because they did not occur within the subject litigation.

¶ 9     Defendant filed a motion to reconsider, arguing that *Abreu* did not govern because it dealt with a fee provision of the Corporation Act that was no longer in existence and that contained different language than section 12.60(j). Defendant also argued that plaintiffs did commit arbitrary, vexatious, and not in good faith acts within the scope of the litigation. The trial court granted defendant's motion to reconsider and entered two separate orders in that regard. In the first order, the trial court apparently agreed with defendant's argument that the alleged misconduct did not need to occur during the legal proceedings to be considered under section 12.60(j), stating that it would "consider actions related which were vexatious (not in good faith)." The trial court also stated, "This trial court does not find in presiding over the law division jury case illegality, vexatious, otherwise arbitrary conduct in bad faith in this proceeding. This court cannot verify the resistance by [plaintiffs] & non-compliance re: discovery." The trial court ended the order by stating that it would review the billing statements submitted by defendant to arrive at an appropriate amount. In the second order, entered the same day, the trial court stated that it had reviewed all 93 pages of billing statements submitted by defendant and having taken "thoughtful consideration of the history of the LLC meeting, and the partition suit and the actions concerning discovery according to the interpretation of [defendant]," it awarded defendant attorney fees and expenses in the amount of $339,000.

¶ 10    Plaintiffs filed a motion to alter or amend the trial court's award to defendant, again arguing that an award of attorney fees and expenses for the conduct alleged by defendant was not supported by section 12.60(j) and that the amount awarded was excessive. Following a hearing on the matter, the trial court denied plaintiffs' motion.

¶ 11    Plaintiffs then instituted this appeal.

¶ 12                                          ANALYSIS

¶ 13        On appeal, plaintiffs argue that in determining whether a party is entitled to an award of attorney fees and expenses under section 12.60(j) of the Corporation Act, the trial court may only consider vexatious, arbitrary, or otherwise not in good faith acts that occurred within the section 12.56 litigation, *i.e.*, the offender's actions must be some kind of procedural or litigation misconduct. Thus, according to plaintiffs, the trial court erred in awarding defendant attorney fees and expenses based on actions that took place outside of the 12.56 litigation. In addition, plaintiffs argue that the trial court abused its discretion in the amount of fees and expenses it awarded, because some of the awarded fees and expenses were associated with claims that were not subject to section 12.60(j) or were not the direct result of the arbitrary, vexatious, or not in good faith actions. We conclude that neither of these contentions warrants reversal.

¶ 14                                 Conduct to Be Considered

¶ 15        Plaintiffs' first contention—that the allegedly vexatious, arbitrary, or otherwise not in good faith actions must occur within the litigation to justify attorney fees and expenses under section 12.60(j) of the Corporation Act—requires us to construe the language of section 12.60(j). Such questions of statutory interpretation are subject to a *de novo* standard of review. *People ex rel. Madigan v. Illinois Commerce Comm'n*, 231 Ill. 2d 370, 377 (2008). We note that this is a matter of first impression, and there are no other cases interpreting the language of section 12.60(j).

¶ 16        The primary goal in statutory construction is to ascertain the intent of the legislature. The best indicator of this intent is the language of the statute, which must be given its plain and ordinary meaning. *People ex rel. Madigan v. Bertrand*, 2012 IL App (1st) 111419, ¶ 20. In interpreting a statute, we must view the statute as a whole, making sure not to read any of its language in isolation. *Board of Education of Woodland Community Consolidated School District 50 v. Illinois State Charter School Comm'n*, 2016 IL App (1st) 151372, ¶ 38. We must avoid any interpretation that would render any portion of the statute superfluous, meaningless, or void. *Sylvester v. Industrial Comm'n*, 197 Ill. 2d 225, 232 (2001). Just as we may not read out any portion of the statute, we may not alter the plain meaning of a statute's language by reading into it exceptions, limitations, or conditions not expressed by the legislature. *Board of Education*, 2016 IL App (1st) 151372, ¶¶ 34, 38.

¶ 17        Section 12.60(j) of the Corporation Act provides as follows:

> "If the court finds that a party to any proceeding under Section 12.50, 12.55, or 12.56 acted arbitrarily, vexatiously, or otherwise not in good faith, it may award one or more other parties their reasonable expenses, including counsel fees and the expenses of appraisers or other experts, incurred in the proceeding." 805 ILCS 5/12.60(j) (West 2016).

Based on the plain language of this provision, we conclude that there is no requirement that the arbitrary, vexatious, or otherwise not in good faith actions take place within the litigation. Rather, the plain language of section 12.60(j) identifies three elements that must be satisfied before an award of attorney fees and expenses may be made: (1) the party against whom the fees are sought must be a party to a proceeding under section 12.50, 12.55, or 12.56 of the Corporation Act; (2) that party must have engaged in actions that were arbitrary, vexatious, or otherwise not in good faith; and (3) the fees and expenses sought must have been incurred in

the section 12.50, 12.55, or 12.56 proceeding. Plaintiffs point to no language that supports a requirement the alleged actions take place within the proceeding, and we can find no language in section 12.60(j) that imposes any requirements other than those identified above. To impose, as plaintiffs argue we should, the additional requirement that the acts forming the basis of the award occur within the litigation would be to read into section 12.60(j) a requirement that was not included by the legislature. This we cannot do. *Board of Education*, 2016 IL App (1st) 151372, ¶ 38.

¶ 18    Although we conclude that the language of section 12.60(j) could not be any more clear, we note that our reading of section 12.60(j) is also supported by the legislature's amendments to the Corporation Act in 1995. Prior to 1995, section 12.55(h) of the Corporation Act read as follows:

> "If the court determines that any party in an action commenced under Section 12.50 has acted arbitrarily, vexatiously, or not in good faith *in such action or in connection with any alternative relief provided in this Section*, the court may, in its discretion, award attorneys' fees and other reasonable expenses to the other parties to the action who have been affected adversely thereby." (Emphasis added.) 805 ILCS 5/12.55(h) (West 1994).

In 1995, the legislature removed section 12.55(h) and enacted section 12.60(j), which expanded the application of the provision to actions brought under sections 12.50, 12.55, and 12.56. Pub. Act 89-169 (eff. July 19, 1995). In addition, the legislature removed the language that required the arbitrary, vexatious, or not in good faith actions to be "in such action or in connection with any alternative relief provided in this Section." By removing this language that very specifically limited an award of fees to situations where the arbitrary, vexatious, or not in good faith actions occurred *in* the section 12.50 action or in connection with some alternative relief under section 12.55 and replacing it with a provision that did *not* contain any such limiting language, the legislature expressed an intent to remove that limitation from future fee awards. See *Borden Chemicals & Plastics, L.P. v. Zehnder*, 312 Ill. App. 3d 35, 46 (2000) (stating that under the "legislative intent" approach, "it is presumed that the legislature intends to effect a change in the law when it enacts a statutory amendment"). Certainly, had the legislature intended fees be awarded only if the arbitrary, vexatious, or not in good faith actions occurred within the action, it would have left the limiting language in section 12.60. In fact, it would have been *less* work for the legislature to simply leave it. Thus, again, the removal of the specific, limiting language can only represent an intent by the legislature to remove that limitation.

¶ 19    Plaintiffs argue that the language of the former section 12.55(h) and the current section 12.60(j) are "near identical" and that the removal of the language limiting fee awards to situations where the bad acts occurred within the section 12.55 litigation was irrelevant because the placement of the fee provision in section 12.60—a section entitled "Practice in actions under Section 12.50, 12.55, and 12.56"—necessarily limits the fee awards to situations where the alleged conduct occurred within the proceedings. Along this same line, plaintiffs argue that if the legislature intended to allow an award of fees based on actions unrelated to the procedural aspect of the proceedings, it would have included a provision for attorney fees in the remedies sections of each section 12.50, 12.55, and 12.56. We disagree with plaintiffs' logic.

¶ 20    First, the language of sections 12.55(h) and 12.60(j) is not nearly identical; they differ in several important respects. The most important respect, of course, is the fact that the language of section 12.55(h) very specifically limited fee awards to situations where the arbitrary, vexatious, and otherwise not in good faith actions occurred "in such action [under section 12.55] or in connection with any alternative relief provided in this Section." Section 12.60(j) contains no such language or any language even remotely close in meaning.

¶ 21    This brings us to the second reason that we disagree with plaintiffs' logic. Where the legislature had previously demonstrated a clear ability to narrowly limit the actions on which a fee award could be based, absent any indication to the contrary, there can be no conclusion other than that the removal of such limiting language was also intended to remove the limitation. Plaintiffs' contention that the placement of section 12.60(j) in a section dedicated to practice somehow reimposes the limitation the legislature had just removed is nonsensical. Initially, we note that although the title of a statute can provide some interpretive guidance, where the language of the statute contradicts the title, the statutory language controls. *Mahoney v. Industrial Comm'n*, 218 Ill. 2d 358, 372-73 (2006). Here, as discussed, the language of section 12.60(j) is clear and, to the extent that the title of section 12.60 contradicts it, the language of subsection (j) prevails. Moreover, we think the placement of section 12.60(j) is easily explained by the fact that the legislature intended to set out the manner (*i.e.*, method of practice) by which a party could obtain a fee award and by the fact that the legislature intended to expand the availability of fee awards to litigants in section 12.50, 12.55, and 12.56 matters and section 12.60 governs practice in all through of those sections. We decline plaintiffs' invitation to conclude that the legislature chose to replace very specific limiting language with a vague section title in hopes that litigants and trial courts would somehow understand that the title of the section was to serve as a limitation on fee awards.

¶ 22    Given that we disagree with plaintiffs' contention that there is no substantive difference between the prior section 12.55(h) and the current section 12.60(j), we also disagree that legal authorities interpreting or providing guidance on section 12.55(h) have any relevance to how section 12.60(j) is to be applied. More specifically, plaintiffs' reliance on *Abreu* is misplaced. In *Abreu,* the appellate court reversed the trial court's award of attorney fees under section 12.55(h) because "it did not properly base its award of attorney fees upon defendants' actions within the course of the litigation process itself ('in such action')." 224 Ill. App. 3d at 451. In so holding, the *Abreu* court relied on the specific language of section 12.55(h)—the very language that was abandoned by the legislature when it enacted section 12.60(j). See *id.* ("The language of section 12.55(h) reveals that the authority to award fees is limited to situations in which the court determines that a party in a case commenced under section 12.50 has acted arbitrarily, vexatiously or not in good faith 'in such action.' "). Moreover, the legislature's removal of the specific language relied on by the *Abreu* court—even after the *Abreu* decision was issued—further indicates a conscious decision by the legislature to remove the limitation. See *Benhart v. Rockford Park District*, 218 Ill. App. 3d 554, 558 (1991) ("[I]t is presumed that the legislature intended to change the existing law when amending a statute that has been the subject of judicial interpretation.").

¶ 23    Finally, plaintiffs argue that section 12.60(j) is "not dissimilar" from other attorney fees provisions, such as Illinois Supreme Court Rule 137 (eff. July 1, 2013), which permits a trial court to impose sanctions, including attorney fees, on a party who signs a pleading or other document in violation of Rule 137. Plaintiffs point out that to obtain sanctions under Rule 137,

a party must demonstrate that their opponent made false allegations without cause and the trial court's decision must be based on the circumstances of the case. According to plaintiffs, these standards were not met in the present case. This argument fails for obvious reasons.

¶ 24 First, plaintiffs make no attempt to explain their very vague and nondescriptive phrase, "not dissimilar." They also do not provide any argument or authority for the proposition that when a statute is "not dissimilar" from a supreme court rule, a party seeking relief under the statute must also meet the standard under the rule, nor do they provide any authority for the proposition that "not dissimilar" statutes and rules have some bearing on the interpretation of the other. For these reasons, plaintiffs have waived this contention. See Ill. S. Ct. R. 341(h)(7) (eff. Nov. 1, 2017) (providing that an appellant's brief must contain "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on"); *CE Design, Ltd. v. Speedway Crane, LLC*, 2015 IL App (1st) 132572, ¶ 18 ("The failure to provide an argument and to cite to facts and authority, in violation of Rule 341, results in the party forfeiting consideration of the issue."). Waiver aside, however, as discussed above, the language of section 12.60(j) is plain and unambiguous. Thus, there is no need for us to consider outside sources to determine the standard defendant was required to meet, regardless of whether those outside sources are "not dissimilar." See *NAB Bank v. LaSalle Bank, N.A.*, 2013 IL App (1st) 121147, ¶ 10 ("When the statutory language is clear and unambiguous, we apply its plain and ordinary meaning without looking to outside sources for aid.").

¶ 25 By our interpretation of section 12.60(j), we do not intend to express any opinion on the wisdom of a fee provision that permits the recovery of fees and expenses based on the opposing party's actions outside of the litigation. Rather, we simply interpret the words of the statute as written by the legislature to identify the legislature's intent. Here, the plain language of section 12.60(j) does not limit fee awards to situations where the offending party acted arbitrarily, vexatiously, or not in good faith within the section 12.56 litigation. Moreover, the legislature's conscious removal of such a limitation from the predecessor to section 12.60(j) reinforces our interpretation that no such limitation was intended. If such a limitation is, in fact, desired by the legislature, it is the legislature's duty to amend section 12.60(j) to clearly reflect that intention; we cannot do it for the legislature. Based on our conclusion that the plain language of section 12.60(j) does not limit fee awards to those situations where the allegedly arbitrary, vexatious, or not in good faith acts took place within the litigation, we find no error in the trial court's consideration of plaintiffs' actions outside of defendant's section 12.56 claim.

¶ 26 Specific Findings

¶ 27 Although the parties do not raise it in their briefs, we pause to address an issue that was discussed during oral arguments. Section 12.60(j) allows for an award of reasonable attorney fees and expenses "*[i]f the court finds* that a party to any proceeding under Section 12.50, 12.55, or 12.56 acted arbitrarily, vexatiously, or otherwise not in good faith." (Emphasis added.) 805 ILCS 5/12.60(j) (West 2016). It is our opinion that the italicized language clearly requires the trial court to make a specific finding of the offending party's arbitrary, vexatious, or otherwise not in good faith actions.

¶ 28 Here, it is questionable whether the trial court made a specific finding that plaintiffs' engaged in arbitrary, vexatious, or otherwise not in good faith behavior—either within or outside the scope of the litigation. In the trial court's first order on defendant's motion to

reconsider, the trial court specifically stated that it did not "find in presiding over the law division jury case illegality, vexatious, otherwise arbitrary conduct in bad faith in this proceeding." Nevertheless, in the second order on defendant's motion to reconsider, entered the same day as the first order, the trial court awarded defendant attorney fees and expenses after "thoughtful consideration of the history of the LLC meeting, and the partition suit and the actions concerning discovery according to the interpretation of [defendant]." It is unclear whether the trial court's thoughtful consideration lead it to conclude that "the history of the LLC meeting, and the partition suit and the actions concerning discovery" constituted arbitrary, vexatious, or otherwise not in good faith acts.

¶ 29 In any case, we need not determine whether these arguably contradictory orders contain a sufficient finding of arbitrary, vexatious, or otherwise not in good faith actions on the part of plaintiff, as plaintiff has taken no issue with the sufficiency of the trial court's findings, thereby forfeiting any claim of error in this respect. See Ill. S. Ct. R. 341(h)(7) (eff. Nov. 1, 2017) (providing that an appellant's brief must contain "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on"); *CE Design, Ltd.*, 2015 IL App (1st) 132572, ¶ 18 ("The failure to provide an argument and to cite to facts and authority, in violation of Rule 341, results in the party forfeiting consideration of the issue.").

¶ 30                                                   Amount of Award

¶ 31 Plaintiffs next argue that the trial court abused its discretion in the amount of fees and expenses that it awarded to defendant. Specifically, plaintiffs contend that the trial court erred in awarding fees that were not incurred within defendant's section 12.56 action and fees that were not a direct result of plaintiffs' arbitrary, vexatious, or not good faith actions. We conclude that although the trial court, as discussed above, was permitted to consider plaintiffs' actions outside of the section 12.56 claim when determining *whether* to award attorney fees and expenses, the *amount* of the attorney fees and expenses awarded could not exceed those incurred in the section 12.56 action. Despite generally arguing that the trial court awarded defendant fees and expenses that were incurred outside of the section 12.56 claim, we conclude that plaintiffs have failed to present a sufficient record or sufficient argument to justify a determination that the trial court abused its discretion.

¶ 32 Before discussing whether the amount of the attorney fees and expenses awarded by the trial court constituted an abuse of discretion, we must, once again, examine the language of section 12.60(j) to determine what fees and expenses fall within the trial court's discretion to award. According to plaintiffs, the fees and expenses must be incurred within the scope of a section 12.50, 12.55 or 12.56 claim, and they must be the direct result of the arbitrary, vexatious, or not good faith action. We agree with the former contention, but not the latter.

¶ 33 Section 12.60(j) states that if the trial court finds that a party to a proceeding under section 12.50, 12.55, or 12.56 acted arbitrarily, vexatiously, or otherwise not in good faith, it may award other parties their "reasonable expenses, including counsel fees and the expenses of appraisers or other experts, incurred in the proceeding." 805 ILCS 5/12.60(j) (West 2016). This language clearly limits any award to those fees and expenses "incurred in the proceeding," *i.e.*, the section 12.50, 12.55, or 12.56 proceeding referenced earlier in the provision. Thus, as applied to the present case, the trial court possessed the discretion to award

only those attorney fees and expenses that were incurred in the prosecution of defendant's section 12.56 claim.

¶ 34    With respect to plaintiffs second claim—that the fees and expenses must be a direct result of the arbitrary, vexatious, or not good faith actions—we do not find any support for such a proposition within the plain language of section 12.60(j). Rather, section 12.60(j) simply says that the trial court may award the petitioning party's "reasonable expenses, including counsel fees and the expenses of appraisers or other experts." *Id.* It imposes no requirement that those reasonable expenses be expenses necessitated by the offending party's actions. Thus, any argument by plaintiffs that some or all of the fees and expenses awarded by the trial court in the present case were not a direct result of plaintiffs' actions fails.

¶ 35    Having determined the scope of the trial court's discretion in awarding attorney fees and expenses under section 12.60(j), we turn now to whether the trial court abused its discretion in this case by awarding fees and expenses that were not incurred within the scope of defendant's section 12.56 claim. Attached to defendant's fee petition were 112 pages of billing records from his counsel, evidencing the attorney fees and expenses incurred since the beginning of August 2012, just weeks before plaintiffs filed their partition action and just a couple of months before defendant filed his section 12.56 claim. Also attached to defendant's fee petition was an affidavit from one of his attorneys, attesting that the total fees and expenses incurred by defendant in the litigation was $339,210.82. The record reveals that the trial court, on two separate occasions, stated that it would review the defendant's billing records in detail. Based on those reviews, the trial court awarded defendant a total of $339,000 in attorney fees and expenses.

¶ 36    We are unable to afford plaintiffs any relief from the amount of attorney fees and expenses awarded by the trial court, because plaintiffs' counsel—both in the trial court and on appeal—failed to articulate which expenses and fees were incurred within defendant's 12.56 litigation and which were not. Instead, in the trial court, plaintiffs did not argue that defendant's fee award should be limited to $11,093.75 in fees associated with plaintiffs' discovery noncompliance until plaintiffs filed their motion to alter or amend the award of fees. Even then, plaintiffs only picked out those fees that they believed were a direct result of their arbitrary, vexatious, or not in good faith behavior, which we, as discussed above, conclude is not the appropriate standard. Rather, upon a finding that plaintiffs engaged in arbitrary, vexatious, or not in good faith behavior, defendant is entitled to an award of all reasonable fees and expenses incurred in his section 12.56 action, regardless of whether they are a direct result of plaintiffs' offending behavior.

¶ 37    On that note, although plaintiffs make a general argument that not all of the $339,000 awarded could have been incurred within the scope of defendant's section 12.56 claim, they offer no support—either in terms of legal authority or record evidence—of that position, other than the fact that there were other types of claims pending, including plaintiffs' partition action. Plaintiffs fault the trial court for failing to isolate those expenses that were associated with defendant's section 12.56 claim; yet, their argument on appeal suffers from the same infirmity. Other than conclusively stating that the trial court should have awarded defendant only $11,093.75 in fees associated with plaintiffs' discovery noncompliance, plaintiffs make no attempt to identify and explain which charges related or did not relate to defendant's section 12.56 claim. In addition, plaintiffs do not explain how they reached $11,093.75 as the proper amount or what charges they included in that amount. This failure to develop and support their

argument is fatal to plaintiffs' claim on appeal. See Ill. S. Ct. R. 341(h)(7) (eff. Nov. 1, 2017) (providing that an appellant's brief must contain "[a]rgument, which shall contain the contentions of the appellant and the reasons therfor, with citation of the authorities and the pages of the record relied on"); *CE Design, Ltd.*, 2015 IL App (1st) 132572, ¶ 18 ("The failure to provide an argument and to cite to facts and authority, in violation of Rule 341, results in the party forfeiting consideration of the issue.").

¶ 38 The need for further development and support of plaintiffs' argument is especially apparent in situations such as this. Certainly, the existence of numerous claims other than defendant's section 12.56 claim and the trial court's award of nearly all of defendant's attorney fees and expenses raise questions of whether all of the fees awarded were actually incurred in pursuit of defendant's section 12.56 claim. That being said, however, it appears from the billing records that defendant's attorneys were working to prepare defendant's claims even before the filing of plaintiffs' partition action; thus, without more, there can be no division of fees based on when each claim was filed. In addition, given that all of the parties' claims revolved around the disputes involving Kurowski's, it is entirely possible that many of the same facts that were at issue in defendant's section 12.56 claim were also at issue in the other claims.

¶ 39 As the reviewing court, it is not our duty to review the billing records and parse out which expenses and hours were spent on defendant's section 12.56 claim and which were not. Presumably, the trial court already did that, and plaintiffs have made no effort to identify and explain the specific charges that should or should not have been included in the award. Instead, without any further explanation, plaintiffs simply state, "If the trial court had applied Section 12.60(j) standards to its review of the costs, it should have concluded that the only [*sic*] $11,093.75 were incurred as a result of [plaintiffs'] non-compliance in discovery." Had plaintiffs' counsel taken the time to identify and explain fees and expenses that the trial court awarded to defendant but that were not incurred within the scope of his section 12.56 claim, we might have been able to afford some relief to plaintiffs. After all, it is difficult to believe that nearly *all* of defendant's fees and expenses were incurred within the scope of just one of the six claims he initially brought. That being said, if plaintiffs' counsel is unwilling to develop or support their arguments for reversal, we will not do it for them. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993) ("A reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented [citation], and it is not a repository into which an appellant may foist the burden of argument and research [citation]; it is neither the function nor the obligation of this court to act as an advocate or search the record for error.").

¶ 40 Absent additional argument, evidence, and authority, we cannot conclude that the trial court abused its discretion in its award of attorney fees and expenses to defendant under section 12.60(j) of the Corporation Act.

¶ 41                                   CONCLUSION
¶ 42 For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 43 Affirmed.