2020 IL App (2d) 180793-U
No. 2-18-0793
Order filed February 19, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| In re MARRIAGE OF<br>PETER T. SOTTILE, JR., | ) <br> ) <br> ) | Appeal from the Circuit Court<br>of Kane County. |
| Petitioner-Appellee, | ) <br> ) | |
| and | ) <br> ) | No 10-D-504 |
| DEBBYE SOTTILE, | ) <br> ) <br> ) | Honorable<br>Joseph M. Grady, |
| Respondent-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BURKE delivered the judgment of the court.
Justices Zenoff and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not abuse its discretion in refusing to order petitioner to pay respondent maintenance.   Affirmed.

¶ 2    On October 19, 2012, the trial court entered a judgment of dissolution terminating the marriage of petitioner, Peter T. Sottile, Jr., and respondent, Debbye Sottile.   The judgment reserved Debbye the right to seek future maintenance.   Debbye filed a petition for maintenance, but the trial court granted Peter's motion for summary judgment on the grounds that the petition was premature.   Debbye appealed and we reversed and remanded for a hearing on Debbye's petition for maintenance.   *In re Marriage of Sottile*, 2017 IL App (2d) 161061-U, ¶ 18 (*Sottile*

II).   Upon remand, the trial court denied her petition for maintenance.   Debbye appeals, contending the trial court abused its discretion in refusing to order Peter to pay her maintenance. We affirm.

¶ 3                                I. BACKGROUND

¶ 4       This is the third appeal since the entry of the judgment of dissolution on October 19, 2012. See *In re Marriage of Sottile*, 2013 IL App (2d) 130242-U (*Sottile I*), and *Sottile II*.

¶ 5       In the initial judgment, based upon the property awarded to each party, the trial court found that each party was ordered to pay their own fees without contribution from the other.   The court further found that both parties were disabled, and it identified their respective monthly social security disability insurance (SSDI) benefits.   The court noted that neither party had significant future employment prospects.   The court then equally divided the marital assets and Peter's retirement funds.   The court reserved the maintenance issue for Debbye to see what net proceeds she received from the sale of the marital home and "to see the future income of Peter, including any social security benefits he receives when he became eligible."

¶ 6       As stated, Debbye filed a petition for temporary and permanent maintenance, which was dismissed based on summary judgment.   On July 24, 2017, we reversed the motion for summary judgment and remanded the matter for a hearing on Debbye's petition for maintenance.   *Sottile II*, 2017 IL App (2d) 161061-U, ¶ 18.   We stated that the maintenance provision set forth in the marital judgment specifically reserved Debbye the right to file a petition for maintenance from Peter after the marital home was sold so that, in determining whether to grant maintenance, the trial court may consider the net proceeds Debbye received from the sale.   Also, the court could consider Peter's future income, including what SSDI benefits Peter "may receive," upon retirement

and that being "if and when he becomes eligible for same." *Sottile II*, 2017 IL App (2d) 161061-U, ¶ 15.

¶ 7     On remand, the trial court ordered the parties to exchange financial statements in conjunction with the petition for review of maintenance.   A record of the hearing is set forth in a Bystander's Report, prepared and presented by Debbye, and subsequently entered by the trial court.   The trial court's written order contains a recitation of the relevant facts, the evidence presented, and the applicable law, in addition to the court's findings in denying Debbye maintenance.

¶ 8     In the court's hand-drafted, nine-page order denying Debbye's petition, the court reviewed the facts as determined in the judgment of dissolution.   The judgment for dissolution noted that both parties have disabilities for which they receive SSDI benefits; neither party has significant future employment prospects, and the only assets were the marital residence and Peter's retirement funds, which essentially were divided equally.   Each party had spent money for their respective living expenses since then, but the court found that those funds appeared to have come from the marital assets each party had been awarded.   The court found the following.   Since the sale of the marital residence neither party earned any income except their respective SSDI payments.   An award of maintenance from Peter to Debbye could only be paid from Peter's share of the marital estate, which the court found inequitable because each party received assets and money from the marital estate in relatively equal amounts.   Both parties secreted assets and demonstrated credibility problems at trial.   Neither party could support themselves in the style they enjoyed during the marriage on their respective disability benefits; both depended on and spent funds received from the marital estate.

¶ 9     After considering all the evidence and arguments under the factors set forth in section 504(a) of the Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/504(a) (West 2018)), the court found that Debbye had sufficient assets from the marital estate and other sources, stating that Debbye "appears to be in better financial shape" than Peter.   Accordingly, the court concluded that a maintenance award from Peter to Debbye was inappropriate under the facts.

¶ 10     Debbye timely appeals, contending that the trial court abused its discretion in denying her maintenance.

¶ 11                                II. ANALYSIS

¶ 12     Generally, a trial court's award of maintenance is presumed to be correct.   *In re Marriage of Brill*, 2017 IL App (2d) 160604, ¶ 26; *In re Marriage of Nord*, 402 Ill. App. 3d 288, 292 (2010). The amount of a maintenance award lies within the sound discretion of the trial court, and we must not reverse that decision unless it is an abuse of discretion.   *In re Marriage of Schneider*, 214 Ill. 2d 152, 173 (2005).   A court abuses its discretion where its findings are arbitrary or fanciful (*Blum v. Koster*, 235 Ill. 2d 21, 36 (2009)), or where no reasonable person would agree with its position (*Schneider*, 214 Ill. 2d at 173).

¶ 13     Section 504(a) lists several factors that a trial court must consider, where relevant, when determining a maintenance award:   (1) the income and property of each party, including the marital property apportioned and the nonmarital property assigned to the party seeking maintenance; (2) the needs of each party; (3) the present and future earning capacity of each party; (4) any impairment of the realistic present and future earning capacity of the party seeking maintenance due to that party's devoting time to domestic duties or having forgone or delayed education or training, employment, or career opportunities due to the marriage; (5) any impairment of the realistic present or future earning capacity of the party against whom maintenance is sought;

(6) the time necessary to enable the party seeking maintenance to acquire appropriate education, training, and employment, and whether that party is able to support himself or herself through appropriate employment; (7) the standard of living established during the marriage; (8) the duration of the marriage; (9) the age, health, occupation, amount and sources of income, employability, and liabilities of each party; (10) all sources of public and private income, including, without limitation, disability and retirement income; (11) the tax consequences of the property division; (12) the contributions and services by the party seeking maintenance to the education, training, or career potential of the other party; (13) any valid agreement between the parties; and (14) any other factor that the trial court finds just and equitable. 750 ILCS 5/504 (West 2018).

¶ 14    Citing *In re Marriage of Keip*, 332 Ill. App. 3d 876 (2002), and *In re Marriage of Brackett*, 309 Ill. App. 3d 329 (1999), Debbye contends that permanent maintenance should be the rule and not the exception where a former spouse is disabled such that he or she is unable to work.

¶ 15    Initially, we note that Debbye's argument discounts that Peter is also disabled, a factor which the trial court considered in determining that an award of any maintenance for Debbye was not appropriate. Additionally, section 504(b-1) of the Act (750 ILCS 5/504(b-1) (West 2018), which concerns the duration of maintenance, only applies if the court awards maintenance. Section 504(b-1) is inapplicable because the court did not award Debbye maintenance. Thus, Debbye's contention regarding permanent maintenance is contrary to the statutory language of the Act.

¶ 16    Debbye next challenges the trial court's observation concerning the medical necessity of her multiple surgeries and that there is "nothing in the record" to support this "speculation." Although Debbye testified that she was diagnosed with cancer, she did not identify that the

multiple surgeries were because of her cancer diagnosis or that the results of all of those surgeries were medically necessary. Thus, we cannot say that the trial court's observation was an abuse of discretion.

¶ 17    Debbye also appears to argue that the trial court unfairly held it against her in finding that she did not establish her standard of living because she did not provide her address. The trial court specifically found that Debbye gave several different answers to the questions about where she resided and that she never testified about her living arrangements after the sale of the marital residence. The trial court found that it was unable to determine whether Debbye's current lifestyle differed from her lifestyle during the marriage because Debbye was unwilling to "reveal where she resides, or with who[m] she resides, if anyone, or has resided since the sale of the marital residence." Based on Debbye's failure to apprise the court of some of the particulars of her living situation, it was not unreasonable for the court to conclude that it was unable to determine whether Debbye's standard of living differed "at all from hers during the marriage." We find no abuse of discretion.

¶ 18    Debbye next contends that the trial court's decision failed to state specific findings as to "each" of the factors set forth in section 504(b-2) of the Act (750 ILCS 5/504 (b-2) (West 2018)). Section 504(b-2) provides, in relevant part, that the court shall make specific findings of fact, stating its reasoning for not awarding maintenance, and the court shall include references to each *relevant* factor set forth in 504(a). 750 ILCS 5/504 (b-2) (West 2018). Moreover, it is not mandatory that the trial court make explicit findings for each of the statutory factors when the basis for an award of maintenance is established in the record. *Blum v. Koster*, 235 Ill. 2d 21, 38 (2009).

¶ 19    Here, upon review, the basis for the trial court's decision is established in the record.    The evidence shows that the marital estate accumulated almost $1 million in assets, which was essentially equally divided at the time of the judgment.    This came from the equally divided retirement assets totaling $194,304, the lawsuit recoveries the parties received during the marriage totaling $571,427, and the net equity of $115,000 each that the parties received from the sale of the marital residence.    After the divorce, the evidence shows that Debbye received a net inheritance from her mother's estate of approximately $166,000 and Peter received a net inheritance from his uncle's estate of approximately $82,608.    All told, with the settlement funds, the retirement funds, the funds from the sale of the house, and their inheritances, Debbye had access to about $663,000, and Peter had access to about $580,000.    Peter was ordered to repay a dissipation sum to Debbye from the proceeds of the house sale of $60,000, which reduced his overall access to approximately $520,000.

¶ 20    It is unquestionable that neither party received any income except their respective SSDI payments since the sale of the marital residence and that both parties were disabled with no significant future employment prospects.    Peter lived in his mother's home.    Although he pays no rent, Peter expected that his inheritance would be reduced by the value of his unpaid rent. Debbye's inheritance already was reduced to help her pay for expenses while she lived in the marital home.    In her financial statement of February 25, 2018, Debbye represented that she had no mortgage or rent expenses.    Both parties depended on and spent funds received from the marital estate.    The evidence supports the court's finding that any maintenance Peter would be ordered to pay to Debbye would only be paid from his portion of the marital estate, which was inequitable as each party received assets and monies from the marital estate in relatively equal

amounts. The evidence also supports the finding that Debbye had sufficient assets from the marital estate and other sources, so as not to need maintenance from Peter.

¶ 21 Although Debbye admits that no one factor is dispositive in determining whether an award of maintenance is appropriate, she maintains the trial court failed to account for, among other things, her age, her work history, and her health, that Peter's SSDI benefits are "unquestionably" some five times or more than hers,[1] and that Peter lives in a "nonbinding and financially forgiving rental situation" with his mother.

¶ 22 In considering the statutory factors to determine whether to grant a spousal maintenance award, the trial court is not required to give them equal weight so long as the balance struck by the court is reasonable under the circumstances. *In re Marriage of Nord*, 402 Ill. App. 3d 288, 293 (2010). We cannot say that the balance struck by the court was unreasonable under the circumstances. Both parties were on disability and received SSDI benefits, both received settlements and inheritances, and both appeared to be fairly similarly situated financially. While Debbye may need some assistance, there is nothing in the record to show that Peter has any ability to pay her maintenance. See *In re Marriage of Shinn*, 313 Ill. App. 3d 317, 322 (2000) ("the trial court's job is to determine whether one party needs maintenance and, if so, whether the other party has the ability to pay").

---

[1] Debbye does not cite to the record on appeal to substantiate her claim that Peter's SSDI benefits are "unquestionably" some five times or more than hers. This court "is not a repository into which an appellant may foist the burden of argument and research [citation]; it is neither the function nor the obligation of this court to act as an advocate or search the record for error." *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 23                                    III. CONCLUSION

¶ 24     For the preceding reasons, we affirm the judgment of the circuit court of Kane County

denying Debbye's petition for maintenance.

¶ 25     Affirmed.