2026 IL App (1st) 260183-U

FOURTH DIVISION
Order Filed: March 6, 2026

No. 1-26-0183

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| ROBERT S. ELLINGTON-SNIPES, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 26 COEL 6 |
| | ) | |
| LAURA K. DONAHUE-CHAIR, RICK S. TERVEN | ) | |
| SR.-VICE CHAIR, JENNIFER BALLARD-CROFT, | ) | |
| CHRISTINA D. CRAY, TONYA L. GENOVESE, | ) | |
| CASANDRA S. MCCRORY, JACK CRETT; FRANK | ) | |
| CIANCI, NICHOLAS AFRICANO, | ) | Honorable |
| | ) | Mary S. Trew, |
| Defendants- Appellees. | ) | Judge Presiding. |

_____

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Navarro and Justice Ocasio concurred in the judgment.

ORDER

¶ 1   *Held*: The circuit court's judgment is affirmed because the petitioner forfeited his arguments.

¶ 2   Objectors-appellees, Frank Cianci and Nicholas Africano, filed objections to the signatures

on the nomination papers for petitioner-appellant, Robert Ellington-Snipes, for office in the 79th

Representative District in the March 2026 Illinois Democratic Party primary election. The Illinois

State Board of Elections (Board) reviewed the objections and sustained them, which caused it to find that Mr. Ellington-Snipes should be removed from the ballot. Mr. Ellington-Snipes sought review in the circuit court of Cook County. The respondents filed a motion to dismiss the petition for lack of jurisdiction, which the trial court granted. On appeal, Mr. Ellington-Snipes states the appeal is moot and does not argue any issues on appeal. For the reasons that follow, we affirm the judgment of the circuit court of Cook County.

¶ 3                                    BACKGROUND

¶ 4     Mr. Ellington-Snipes filed nomination papers to run as a candidate for the office of the 79th Representative District in the March 2026 Illinois Democratic Party primary election. Mr. Cianci and Mr. Africano filed an objection to Mr. Ellington-Snipes' nomination papers, alleging he had not collected enough valid signatures to appear on the ballot. On January 7, 2026, after an administrative proceeding, the Board issued a decision sustaining the objection and ordering that Mr. Ellington-Snipes' name not appear on the ballot.

¶ 5     On January 12, 2026, Mr. Ellington-Snipes filed a petition for review of the decision in the circuit court. The petition named the Board members and objectors as respondents but not the Board. On January 22, 2026, the respondents moved to dismiss Mr. Ellington-Snipes' petition for lack of jurisdiction, arguing that Mr. Ellington-Snipes' failure to name the Board as a respondent and separately serve the Board deprived the trial court of jurisdiction. On January 30, 2026, the trial court granted the respondents' motion to dismiss, finding that the decision of the Board will stand and Mr. Ellington-Snipes will not appear on the ballot.

¶ 6     On February 2, 2026, Mr. Ellington-Snipes filed his notice of appeal.

¶ 7                                    ANALYSIS

¶ 8     We note that we have jurisdiction to consider this matter, as Mr. Ellington-Snipes filed a timely notice of appeal. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

¶ 9     Mr. Ellington-Snipes argues that the issue is moot since his name appears on the ballot and early voting has begun but issues of law remain unsettled and it is within our discretion to decide to address them. He does not cite to any statutory support or case law to defend this position nor state what the remaining unsettled issues of law are. "A reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented." *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). "[I]t is not a repository into which an appellant may foist the burden of argument and research, [citations] it is neither the function nor the obligation of this court to act as an advocate or search the record for error." *Obert*, 253 Ill. App. 3d at 682. In his reply memorandum, for the first time, he names the issues which he asks the court to consider. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."). Since Mr. Ellington-Snipes does not argue any issues in his opening memorandum nor cite any authority, his argument is forfeited. Accordingly, we affirm the judgment of the trial court.

¶ 10                              CONCLUSION

¶ 11    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 12    Affirmed.