NOTICE
Decision filed 04/03/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 190001-U

NOS. 5-19-0001, 5-19-0002, 5-19-0003, cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| *In re* DRAV. V., DRAK. V., and K.F., Minors | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Franklin County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | Nos.  18-JA-47, 18-JA-48, & |
| | ) | 18-JA-49 |
| | ) | |
| Katie W., | ) | Honorable |
| | ) | Mark R. Stanley, |
| Respondent-Appellant). | ) | Judge, presiding. |

_____

JUSTICE OVERSTREET delivered the judgment of the court.
Justices Barberis and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*: Dispositional orders granting custody and guardianship of minors to their nonoffending fathers affirmed where respondent mother failed to provide a complete record on appeal by omitting docket sheets and transcript of dispositional hearing and circuit court is presumed to have known and followed the law in the absence of such record. Orders denying motions to vacate adjudications of neglect proper where no transcript of the hearing on the motions to vacate is included in the record; evidence at the adjudicatory hearing supported the adjudications; and respondent was not denied due process by arriving late to the hearing or by her private counsel being absent from the hearing, as public defender was present at the hearing to represent the respondent.

¶ 2    In this consolidated case, the respondent, Katie W., appeals the December 3, 2018, dispositional orders of the circuit court of Franklin County that granted custody and guardianship

1

of her children to their nonoffending fathers. She further appeals the circuit court's denial of her motions to vacate the adjudications of neglect. For the following reasons, we affirm.

¶ 3                                        BACKGROUND

¶ 4     On August 6, 2018, the State filed petitions for adjudication of wardship of the respondent's minor children. The petitions alleged that the children were neglected by being in an environment that was injurious to their welfare in that on August 3, 2018, upon investigating a report that the respondent was using drugs in the home, an investigator from the Department of Children and Family Services (Department) and an Illinois State Police agent went to the home; that during the investigation, the respondent admitted to using methamphetamine with the children present in the home; that the respondent escorted the investigators to her bedroom, where methamphetamine and methamphetamine paraphernalia were in a laundry basket within the children's reach; that the respondent was arrested and detained in the Franklin County jail; and that the respondent was the sole caretaker of the children when they were in her home, all of which placed the children at risk of harm, in violation of section 2-3(1)(b) of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/2-3(1)(b) (West 2018)).

¶ 5     The petitions further alleged that the children were neglected by being without necessary support, education, shelter, medical, or care for their well-being in that on August 3, 2018, the respondent was arrested and detained in the Franklin County jail, leaving the children without necessary support, shelter, and care, all of which placed the children at risk of harm, in violation of section 2-3(1)(a) of the Act (*id.* § 2-3(1)(a)). On August 6, 2018, the circuit court entered orders granting temporary custody to the Department.

¶ 6    On October 11, 2018, private counsel Paula Newcomb entered her appearance on behalf of the respondent in case number 18-JA-47.[1]  On October 22, 2018, an adjudicatory hearing was conducted.  Present were two witnesses, the assistant state's attorney, the guardian *ad litem*, a public defender representing the respondent, the fathers of the children subject to this appeal, and public defenders representing the fathers of the children.[2]  Attorney Newcomb was not present, and the respondent arrived late at the conclusion of the hearing.[3]

¶ 7    At the adjudication hearing, Amanda Yosanovich testified that she is employed as an investigator for the Department.  Amanda testified that she investigated the instant case involving the children, which came to her attention via a hotline call received by the Department on August 3, 2018.  The caller alleged that there was methamphetamine use inside the respondent's home.  Amanda indicated that when she arrived at the home, the respondent initially denied any drug use.  However, upon further interview, the respondent admitted that she had taken a pill that she did not have a prescription for, admitted to using methamphetamine, and admitted that there was methamphetamine paraphernalia inside the residence.  Amanda testified that the paraphernalia was later located in the respondent's bedroom inside a laundry basket that was within the children's reach.  Amanda testified that she took the children into protective custody based on the information gathered.

---

[1]Newcomb indicated at oral argument that she initially filed an entry of appearance in one of the four cases and a public defender represented the respondent in the other cases.  Newcomb subsequently entered her appearance and/or filed pleadings in the other cases and is the sole attorney for the respondent in the consolidated appeal.

[2]A father of a fourth minor not subject to this appeal failed to appear but a public defender appeared on his behalf.

[3]Newcomb indicated at oral argument that she and the respondent were both late for this hearing—although the transcript does not reflect Newcomb's appearance as it does the respondent's appearance.

¶ 8      Donald Wesley Harbison testified that he is employed as an agent with the Southern Illinois Drug Task Force.  Harbison testified that he assisted with the respondent's investigation on August 3, 2018.  Harbison indicated that he went to the respondent's home, where the respondent admitted to using methamphetamine.  Harbison confirmed that the respondent provided him with a bag containing methamphetamine and methamphetamine paraphernalia.  Harbison testified that he assisted in arresting the respondent and transporting her to the Franklin County jail.  He reported that she is currently charged with possession of methamphetamine.  He further reported that no adults except the respondent were in the home with the children on the day of the investigation. After the State concluded its questioning, none of the public defenders had any evidence or argument to offer.

¶ 9      The circuit court found that the children were abused or neglected as defined by the Act in that they were in an environment injurious to their welfare.  705 ILCS 405/2-3(1)(b) (West 2018). The circuit court indicated that its findings were based on evidence that the respondent was abusing methamphetamine and "maybe prescription drugs" in the home.  The circuit court further found that the respondent was the sole caretaker of the children, that the respondent was arrested for methamphetamine possession in Franklin County case number 18-CF-418, and that methamphetamine was found in the home within the minors' reach.  The circuit court concluded, by a preponderance of the evidence, that abuse or neglect was inflicted by the respondent.

¶ 10     At the conclusion of the hearing, the public defender representing the respondent apprised the circuit court that the respondent had just arrived.  The public defender further informed the court that the respondent had been mistaken about the time of the hearing, that the respondent had expected counsel Paula Newcomb to be present on her behalf, and that the respondent expected Newcomb to file a pleading prior to the hearing.  The public defender indicated that he had not

4

been made aware of the same by Newcomb or anyone else, that he would review with the respondent what had occurred at the hearing, and that the respondent could confer with Newcomb about how to proceed. The circuit court stated for the record that the respondent appeared at the conclusion of the hearing. The circuit court admonished the respondent that she was required to cooperate with the Department, complete all of the requirements of the service plan, and correct the conditions that resulted in the children being removed from her care or risk termination of her parental rights.

¶ 11    On October 22, 2018, the circuit court entered adjudicatory orders, finding by a preponderance of the evidence that the children were abused or neglected as defined by section 2-3(1)(b) of the Act by being in an environment injurious to their welfare (705 ILCS 405/2-3(1)(b) (West 2018)). The finding was based on the respondent's use of using methamphetamine and her placement of methamphetamine within reach of the children and her arrest for methamphetamine possession. On October 22, 2018, the service plans established by the Department on September 10, 2018, were filed in the circuit court.

¶ 12    On November 16, 2018, attorney Newcomb filed, in all four underlying cases, motions to vacate or rehear the orders adjudicating the children neglected or abused. The motions alleged that the respondent had reasonable and meritorious claims on her own behalf regarding the allegations of abuse or neglect. The motions indicated that the respondent was late to the adjudicatory hearing and the matter proceeded in her absence. The motions requested the circuit court to, *inter alia*, vacate the orders adjudicating the children neglected or abused and to set the matter for another adjudicatory hearing so the respondent could testify on her own behalf.

¶ 13    Although the record contains no transcript of the hearing on the motions to vacate, there is evidence in the record that a hearing occurred. James Ford—the public defender representing one

of the fathers—prepared an itemized statement for services rendered, which is part of the record. Pursuant to the statement, on December 3, 2018, Ford was in court on the motions to vacate— which the statement indicates were denied[4]—and in court the same date on the dispositional hearing.[5]

¶ 14　On December 3, 2018, the circuit court entered dispositional orders, finding the respondent unfit to care for, protect, train, educate, supervise, or discipline the children; finding that placement with the respondent is contrary to the health, safety, and best interests of the children because the respondent has substance abuse issues that affect her ability to parent; finding the fathers of the children fit, able, and willing to care for, protect, train, educate, supervise, or discipline the children; and finding that the fathers will not endanger the health, safety, or well-being of the children. The dispositional orders further found that reasonable efforts and appropriate services aimed at family reunification had been made in an attempt to keep the children in the respondent's home, but they had not eliminated the necessity for removal of the children from the home and leaving the children in the home would be contrary to the health, welfare, and safety of the children. The dispositional orders found it in the best interest of the children to grant custody and guardianship of the children to their fathers. The respondent filed a timely notice of appeal. The notice of appeal indicates that the respondent is appealing "from a docket entry closing and terminating a JA case brought against her."[6]

---

[4]The orders denying the motions to vacate are presumably by docket entry, as no such orders are in the record and the docket sheets are also absent from the record.

[5]No transcript of the dispositional hearing is in the record on appeal.

[6]As noted, no docket sheets are included in the record.

¶ 15                                    ANALYSIS

¶ 16    At the outset and before addressing the issues, we find it essential to set forth the procedural history of this case on appeal. The case was docketed in this court on January 2, 2019. Show cause orders were entered on January 29, 2019, and April 8, 2019, directing the respondent to show cause why the appeal should not be dismissed for want of prosecution for failure to file a docketing statement, failure to pay the court's filing fee, and failure to file the appellant's brief that was due on April 5, 2019. On April 9, 2019, attorney Newcomb filed a motion for extension of time to file the appellant's brief. On April 10, 2019, Newcomb filed a response to the show cause order, indicating that the docketing statement had been filed and the fee had been paid, and referencing the motion for extension of time to file the appellant's brief. The show cause orders were discharged by order of April 11, 2019, and the respondent was granted an extension until April 26, 2019, to file her brief.

¶ 17    Meanwhile, Newcomb filed second and third motions for extensions of time to file the appellant's brief, both of which this court granted, extending the time to file the brief to May 6, 2019, and June 7, 2019, respectively. A subsequent show cause order was entered on July 12, 2019, finding that Newcomb failed to file the appellant's brief and that the supplemental record was due on May 31, 2019, but Newcomb failed to pay for the preparation of the record. On July 30, 2019, this court entered an order, acknowledging that the supplemental record was filed, discharging the July 12, 2019, show cause order, and granting Newcomb an additional 35 days to file the appellant's brief.

¶ 18    On September 10, 2019, Newcomb filed a fourth motion for extension of time to file the appellant's brief, which this court granted with a deadline of September 16, 2019. A fifth motion for extension of time to file the appellant's brief was filed by Newcomb and granted by this court

7

with a deadline of October 3, 2019. On October 19, 2019, a show cause order was entered for failure to file the brief. On October 21, 2019, Newcomb filed a response to the show cause order and a motion to file the appellant's brief, *instanter*. The same date, this court entered an order, granting the motion, and the appellant's brief was filed, *instanter*.

¶ 19 On October 23, 2019, the State filed a motion to compel production of a complete record on appeal, observing that the respondent was appealing the dispositional orders, but the docket sheets and proceedings of the dispositional hearing were absent from the record. The State noted in its motion that challenges on appeal in the absence of a complete record are resolved against the appellant. *People v. Wigman*, 2012 IL App (2d) 100736, ¶ 55. However, in the interests of justice, the State averred that the case would be best resolved with a full and complete record including the docket sheets and the transcript of the dispositional hearing. Accordingly, the State requested this court to compel the respondent to produce a complete record so the State would be equipped to complete its appellee brief and fully address the issues. On November 25, 2019, this court entered an order, compelling the respondent to supplement the record within 21 days and granting the State 35 days thereafter to file its appellee brief. Newcomb failed to supplement the record as ordered, causing the State to complete its appellee brief in the absence of a complete record.

¶ 20 Having observed the procedural history of this appeal, we now turn to the issues. The respondent raises the following issues, which we have summarized as follows: (1) whether the circuit court erred in denying the motions to vacate the adjudications of neglect and (2) whether the circuit court erred at the dispositional hearing by transferring guardianship of the children to their fathers and granting custody of the children to their fathers without affording the respondent the chance to complete the requirements of the service plan and reunite with the children.

¶ 21                    I. Motions to Vacate Adjudications of Neglect

¶ 22    The first issue on appeal is whether the circuit court erred in denying the motions to vacate the adjudications of neglect. As observed, the record reflects that on December 3, 2018, a hearing occurred on the motions to vacate the adjudications of neglect. However, a transcript of that hearing is not included in the record. "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error[.]" *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). "[I]n the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis." *Id*. at 392. In this case, there is no record of the transcript on the motions to vacate. Therefore, there is no basis on which we could determine that the circuit court abused its discretion in denying the motions. *Id*. Accordingly, we presume the circuit court followed the law and that the order it entered had a sufficient factual basis. See *id*.

¶ 23    Notwithstanding the absence of the transcript on the motions to vacate the adjudications of neglect, we find the evidence at the adjudication hearing supports the findings of neglect and that the respondent's late arrival at the adjudication hearing is of no consequence. A circuit court's adjudication of neglect "will not be reversed unless it is against the manifest weight of the evidence." *In re R.S.*, 382 Ill. App. 3d 453, 459 (2008).

¶ 24    The witnesses at the adjudication hearing testified that the respondent admitted to using methamphetamine in the home and that methamphetamine and associated paraphernalia were recovered from the respondent's bedroom, where they were located within the children's reach. Evidence further showed that the respondent was the only adult in the home with the children when the investigation was conducted, the respondent was arrested on charges of possession of methamphetamine, and the children were taken into protective custody. The public defender

9

representing the respondent at the adjudication hearing offered no testimony or evidence to rebut the State's evidence. Accordingly, we find the adjudications of neglect were not against the manifest weight of the evidence. See *id.*

¶ 25 We further observe that the respondent had notice of the adjudication hearing, as she indicated when she arrived late that she was mistaken on the time of the hearing. Moreover, notwithstanding attorney Newcomb's absence from and/or tardiness in arriving at the hearing, a public defender appeared at the hearing on the respondent's behalf. Accordingly, the respondent's due process rights were not violated when the hearing proceeded in her absence. See *In re C.L.T.*, 302 Ill. App. 3d 770, 779 (1999) (no due process violation when mother had notice of hearing and failed to appear and was represented by counsel at the hearing).

¶ 26                                   II. Dispositional Orders

¶ 27 The final issue on appeal is whether the circuit court erred at the dispositional hearing by transferring guardianship of the children to their fathers and granting custody of the children to their fathers without affording the respondent the chance to complete the requirements of the service plan and reunite with the children. The crux of this appeal is what was said and done at the proceedings of the dispositional hearing. As aforementioned, no transcript of the dispositional hearing was provided in the record on appeal. To reiterate, it is the appellant's burden to provide a complete record to support any claims of error, and in the absence of a complete record, we presume the circuit court's order conforms to the law. *Foutch*, 99 Ill. 2d at 391-92. Here, because there is no record of the transcript of the dispositional hearing, there is no basis on which we could determine that the circuit court erred in its orders therefrom. *Id*. at 392. Accordingly, we presume the circuit court followed the law and that the dispositional orders had sufficient factual basis. See *id*.

10

¶ 28    We emphasize that this is not a cursory ruling, given the procedural history and consistent neglect of this case on appeal. This court entered multiple show cause orders and granted liberal extensions to file the appellant's brief. This is not a case where the record was merely incomplete, which in and of itself justifies our affirming the circuit court. See *id*. Indeed, the State filed a motion to compel production of a complete record. Although the State indicated that issues on appeal in the absence of a complete record are resolved against the appellant, it yet recognized that the interests of justice required a full and complete record, including the docket sheets and the transcript of the dispositional hearing. This court agreed and entered an order, compelling the respondent to supplement the record.

¶ 29    Notwithstanding our order, attorney Newcomb failed to supplement the record, thereby requiring the State to bear the burden of completing its appellee brief in the absence of a complete record. At oral argument, Newcomb acknowledged the absence of the transcript of the dispositional hearing but stated that because "the dispositional order is what it is on its face, *** the court can look at what occurred at the disposition." We decline to do so. "The appellate court 'is not merely a repository into which an appellant may "dump the burden of argument and research," nor is it the obligation of this court to act as an advocate or seek error in the record.' " *CE Design, Ltd. v. Speedway Crane, LLC*, 2015 IL App (1st) 132572, ¶ 18 (quoting *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009), quoting *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993)). Here, the evidence on which the dispositional orders were based was adduced at the dispositional hearing. The respondent failed to comply with the order to supplement the record with the docket sheets and transcript of the dispositional hearing. Accordingly, we presume the dispositional orders are in conformity with the law and have a sufficient factual basis and affirm the orders. See *Foutch*, 99 Ill. 2d at 392.

11

¶ 30           CONCLUSION

¶ 31 For the foregoing reasons, we affirm the circuit court's December 3, 2018, orders.


¶ 32 Affirmed.