2025 IL App (2d) 240772-U
No. 2-24-0772
Order filed March 20, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CF-2433 |
| ETHAN J. DOMINGUEZ., | ) ) ) | Honorable Julia Yetter, D.J. Tegeler |
| Defendant-Appellant. | ) | Judges, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices McLaren and Jorgenson concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not err in ordering defendant detained pretrial where the State proved by clear and convincing evidence that (1) the proof was evident and the presumption great that defendant committed the offenses as charged; (2) defendant's pretrial release would pose a threat to the community at large and; (3) that no condition or combination of conditions would mitigate the threat posed by defendant . Affirmed.

¶ 2    At issue here is whether the trial court erred in granting the State's petition to deny defendant pretrial release pursuant to 725 ILCS 5/110-6.1 (West 2024) and subsequently denying

defendant's motion for relief under Illinois Supreme Court Rule 604(h)(2). Ill. Sup. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On November 10, 2024, the State charged defendant via complaint with one count of unlawful possession of weapons by a felon (720 ILCS 5/24-1.1(a) (West 2024)), a Class 2 felony; one count of possession of a firearm by a street gang member in a vehicle (720 ILCS 5/24-1.8(a)(2) (West 2024)), a Class 2 felony; three counts of aggravated unlawful possession of a weapon (720 ILCS 5/24-1.6(a)(1)-(2) (West 2024)), a Class 2 felony; one count of possession of a firearm while ineligible for a Firearm Owner's Identification (FOID) card (430 ILCS 65/2(a)(1) (West 2024)), a Class 3 felony; one count of possession of a firearm with a defaced serial number (720 ILCS 5/24-5(b) (West 2024)), a C lass 3 felony; and one count of possession of an open container of alcohol by a passenger (625 ILCS 5/11-502(b) (West 2024)), a petty offense.

¶ 5      The same day, the State filed a verified petition to deny defendant pretrial release, alleging that (1) the firearm offenses constituted detainable offenses under 725 ILCS 5/110-6.1 (West 2024); (2) defendant posed a real and present threat to the safety of any person or persons or the community, and; (3) no condition or combination of conditions could mitigate that threat. The matter proceeded to pretrial detention hearing.

¶ 6      The State offered into evidence the sworn synopsis from the Aurora Police Department as People's Exhibit No. 1. It was entered without objection. The synopsis relayed that at approximately 12:24 A.M. on November 10, 2024, Aurora police officer conducted a traffic stop on a 2014 Toyota Camry for multiple moving violations. The officer approached the vehicle with his flashlight and observed defendant to be the sole occupant in the rear of the vehicle. As the officer was approaching, he observed defendant reach over from the far right side of the vehicle

where he was seated to the floor beneath the driver's side seat. The officer then came closer to the vehicle and observed the end of a firearm magazine jutting out from under the driver's side seat.

¶ 7 Defendant was placed under arrest. During a search incident to arrest, officers discovered a water bottle containing a dark liquid on defendant's person. Defendant admitted the liquid was alcohol. He was uncooperative with further questioning. A LEADS report showed defendant did not have a valid FOID card and was an active Latin Kings street gang member.

¶ 8 The officer spoke with the driver of the vehicle, who advised he was driving for Uber at the time officers conducted their traffic stop. He allowed the officer to search his vehicle. The search revealed a loaded black and silver Glock 48, 9 mm firearm with a defaced serial number on the floor beneath the driver's seat of the vehicle. The driver denied ownership of the firearm, though he did have a valid FOID card. He also relayed that as he was pulling over for the traffic stop, he heard the sound of something being thrown under his driver seat.

¶ 9 The State also offered the sworn synopsis in case no. 23-CF-2805, which was entered into evidence over defendant's objection. The synopsis relayed that defendant admitted to possessing a firearm without a valid FOID card.

¶ 10 Lastly, the State proffered defendant's criminal history. Specifically noting that, at the time of the instant offenses, defendant was on probation in case no. 23-CF-2805, 22-JD-116, and 22-JD-152.

¶ 11 Defense counsel then proffered that defendant is a 20-year-old high school graduate, is working full time as an electrician apprentice, and has a child on the way.

¶ 12 The trial court granted the State's petition and ordered defendant detained. Defense counsel filed a motion for relief under Illinois Supreme Court Rule 604(h)(2), which proceeded to hearing on December 12, 2024.

¶ 13    Defense counsel first argued that the State failed to prove by clear and convincing evidence that defendant committed the offenses as charged. The firearm was found underneath the driver's seat, not on defendant's person. Defense counsel posited that the firearm could have been placed there by a prior passenger or the Uber driver. Without DNA evidence or an admission of guilt, the State could not show by clear and convincing evidence that defendant possessed the firearm.

¶ 14    Next, defense counsel argued that certain conditions would ensure the safety of the community. He emphasized that defendant has only one prior adult criminal case and would be living in a stable home if released. A stay-home order would mitigate any threat posed by defendant.

¶ 15    The State responded, arguing that the trial court's decision to detain defendant was correct. The trial court agreed with the State and denied defendant's motion for relief.

¶ 16    Defense counsel then presented new evidence to the trial court and requested that the trial court determine that continued detention was not necessary to mitigate the threat posed by defendant. See 725 ILCS 5/110-6.1(i-5) (West 2024). Counsel presented the trial court with a letter from defendant's step-mother which indicated that defendant would be living with her if he was released and that she would personally be monitoring him to ensure he stays out of trouble. Counsel also proffered that defendant would be working as an electrician if released and that he recently had a two-month old child pass away.

¶ 17    The State countered, proffering that defendant is an active Latin King street gang member. If released, he would be residing in Cook County, which is where the Latin Kings are headquartered. Further, the Kane County Sheriff's Office cannot place individuals on EHM in Cook County. His juvenile and adult criminal history show that monitoring by his family alone is not enough to stop him from committing further crimes. Finally, the State proffered that it had

viewed a video on an officer's cell phone showing defendant showing off a firearm and encouraging rival gang members to "find him." Given all that, continued detention was necessary to mitigate the threat posed by defendant.

¶ 18    The trial court agreed with the State and ordered continued detention. Defendant filed his timely notice of appeal on December 16, 2024.

¶ 19                                            II. ANALYSIS

¶ 20    In his motion for relief, defendant argues that the State failed to prove by clear and convincing evidence that the proof is evident or the presumption great that he committed the offenses charged because: (1) the sworn synopsis "leaves open the possibility for a motion to suppress *** arrest; (2) the driver of the vehicle had a FOID card, but no valid CCL, which makes the driver's denial of ownership of the firearm less credible; and (3) the State did not present any photos, videos, fingerprints, DNA, or additional evidence showing who owned the firearm. He also argues that the State failed to prove by clear and convincing evidence that defendant poses a real and present threat to the community because defendant is a young adult who just graduated high school, only has one prior adult conviction, and has no violations of probation in case no. 23-CF-2805. Finally, defendant argues that the State failed to prove by clear and convincing evidence that no condition or combination of conditions can mitigate the threat posed by defendant because the fact that defendant was on probation at the time of the alleged offense is insufficient. The State failed to show how conditions, such as EHM, would not mitigate the threat posed by defendant. Defendant did not file a supporting memorandum, instead filing a notice in lieu of Rule 604(h)(7) memorandum.

¶ 21    The State responds by arguing that it did meet its burden, and that the trial court did not err in detaining defendant. For the following reasons, we affirm.

¶ 22   Where parties to a pretrial detention hearing proceed solely by proffer, a reviewing court is not bound by the trial court's findings and our review is *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 51. As parties here proceeded solely by proffer, our review is accordingly *de novo*.

¶ 23   Under Article 110 of the Code of Criminal Procedure of 1963 (hereinafter, "Code"), all defendants are presumed to be entitled to pretrial release. 725 ILCS 5/110-2(a) (West 2024). Upon verified petition by the State, the trial court shall hold a hearing under 725 ILCS 5/110-6.1. In order to be denied pretrial release, the State must prove by clear and convincing evidence that (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense; (2) the defendant poses a real and present threat to the safety of any person or persons or the community; and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community. 725 ILCS 5/110-6.1(e)(1)-(3) (West 2024).

¶ 24   In determining dangerousness, the trial court may consider the following factors: (1) the nature and circumstances of the offense or offenses charged; (2) the history and characteristic of the defendant; (3) the identity of any person or persons to whose safety the defendant is believed to pose a threat; (4) any statements made by defendant, together with the circumstances surrounding them; (5) the age and physical condition of the defendant; (6) the age and physical condition of any victim or complaining witness; (7) whether the defendant is known to possess or have access to any weapon or weapons; (8) whether, at the time of the current offense, the defendant was on probation; and (9) any other factors deemed by the court to have a reasonable bearing upon defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior. 725 ILCS 5/110-6.1(g)(1)-(9) (West 2024).

¶ 25    In determining which conditions of pretrial release, if any, will ensure the safety of any person or persons or the community, the trial court may consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the evidence; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the real and present threat that would be posed by defendant's release; (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process that would be posed by the defendant's release. 725 ILCS 5/110-5(a)(1)-(5) (West 2024). No one factor is dispositive. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 12.

¶ 26    Defendant first argues that the State failed to prove by clear and convincing evidence that the proof is evident or the presumption great that he committed the offenses charged because: (1) the sworn synopsis "leaves open the possibility for a motion to suppress *** arrest; (2) the driver of the vehicle had a FOID card, but no valid CCL, which makes the driver's denial of ownership of the firearm less credible; and (3) the State did not present any photos, videos, fingerprints, DNA, or additional evidence showing who owned the firearm.

¶ 27    Defendant has forfeited his first contention, as it is unsupported by any pertinent authority. "A reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive argument presented [citation], and it is not a repository into which an appellant may foist the burden of argument and research [citation][.]" *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). At the detention hearing, defense counsel stated "I don't think that this was a proper arrest. The officer notes seeing a, what I will call a furtive movement. However, your Honor, there is case law that furtive movements in and of themselves are not enough for the officer to effectuate an arrest." Counsel did not provide a case citation at the detention hearing, the motion for relief hearing, nor the motion for relief itself. Although under the Code, evidence that proof of the

charged crime may have been the result of an unlawful search or seizure is relevant in assessing the weight of the evidence against the defendant, there needs to be more evidence than a bare allegation of an unlawful search or seizure. See 725 ILCS 5/110-6.1(f)(6) (West 2024).

¶ 28    Regarding defendant's second contention— that the driver of the vehicle had a FOID card, but no valid CCL, which makes the driver's denial of ownership of the firearm less credible. We disagree. Even if we were to disregard the statements made by the driver, the evidence was still sufficient to show that the proof is evident or the presumption great that he committed the offenses as charged. Although the firearm was not found on defendant's person, the officer observed defendant, the only passenger in the backseat of the vehicle, reach across the vehicle to beneath the driver's seat. The officer then observed the magazine of a firearm jutting out from beneath the driver's seat, the area defendant had just reached to.

¶ 29    At this stage, that is sufficient to establish by clear and convincing evidence that the proof is evident or the presumption great that defendant possessed the firearm. Clear and convincing evidence is defined as "that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question." *In re Tiffany W.*, 2021 IL App (1st) 102492-B, ¶ 12. It is more than a preponderance of the evidence but less than is required to convict an individual of a criminal offense. *Id.* Here, the officer observed the magazine of a firearm in the area where defendant had just reached moments before. Although more evidence may be necessary to prove his guilt beyond a reasonable doubt, the evidence presented thus far is sufficient to show that the proof is evident or the presumption great that defendant constructively possessed the firearm. See *Henderson v. U.S.*, 575 U.S. 622, 626 (2015) ("Constructive possession is established when a person, though lacking such physical custody, still has the power and intent to exercise control over the object.")

¶ 30     We also reject defendant's third contention. This court has time and time again found that police report synopses, if reliable, are sufficient to show that the proof is evident or the presumption great that the defendant committed the offenses as charged. *People v. Horne*, 2023 IL App (2d) 230382, ¶ 24. Trial counsel recognizes this at the detention hearing, stating: "I realize that there are cases where a synopsis is enough to find the presumption great or the proof is evident that a defendant committed a crime; however, in this case, it is not, especially given where the firearm was found being not on Mr. Dominguez's person." Although the firearm was not found on defendant's person, the officer observed defendant, the only passenger in the backseat of the vehicle, reach across the vehicle to beneath the driver's seat. The officer then observed the magazine of a firearm jutting out from beneath the driver's seat, the area defendant had just reached to.  This is sufficient to establish constructive possession of the firearm, and at this stage, DNA or other evidence is not required.

¶ 31     Defendant next argues that the State failed to prove by clear and convincing evidence that he poses a real and present threat to the community because defendant is a young adult who just graduated high school, only has one prior adult conviction, and has no violations of probation in case no. 23-CF-2805. We disagree.

¶ 32     The history and characteristics of the defendant is just one factor of many to be considered in determining dangerousness. Additionally, despite being young, he does have a prior conviction for a similar firearm offense. Defense counsel places significant emphasis on the fact that defendant only has one prior adult conviction and no violation of probation in case no. 23-CF-2805, prior to the instant case. However, counsel fails to recognize that defendant pled guilty in case no. 23-CF-2805 on March 22, 2024. Meaning defendant was on probation for less than a year

when he was charged in the instant case. Defendant's lack of a more extensive adult criminal history is not compelling under these facts.

¶ 33 We find that defendant's pretrial release would pose a real and present threat to the community, given the dangerous nature of firearm offenses; defendant's history; defendant's braggadocious statements proffered by the State, wherein defendant was showing off a firearm and encouraging rival gang members to "find him"; defendant's apparent ability to obtain firearms illegally as evidenced by the fact he has been charged in two separate instances involving firearms in a relatively short span of time; and the fact defendant was on probation at the time of the instant offense. See 725 ILCS 5/110-6.1(g)(1)-(9) (West 2024).

¶ 34 Finally, regarding defendant's third argument—that the State failed to prove by clear and convincing evidence that no condition or combination of conditions can mitigate the threat posed by defendant because (1) the fact that defendant was on probation at the time of the alleged offense is insufficient and; (2) the State failed to show how conditions, such as EHM, would not mitigate the threat posed by defendant. We disagree. The fact that defendant was on probation was not the sole reason that no condition or combination of conditions could mitigate the threat posed by defendant. Rather, it was one factor of many that could be considered under the Code. See 725 ILCS 5/110-5(a)(1)-(5) (West 2024). The State did show that conditions would not mitigate the threat posed by defendant. At the motion for relief hearing, it specifically considered EHM, noting that the Kane County Sheriff's Office cannot place individuals on EHM in Cook County, where defendant would be residing. Even if he could be placed on EHM, he would still have the ability to leave his house at least two days a week. Given defendant's demonstrated willingness to disregard court orders and access firearms illegally, no conditions would mitigate the threat posed

by defendant. We agree and find that the State did prove by clear and convincing evidence that no condition or combination of conditions can mitigate the threat posed by defendant.

¶ 35                                III. CONCLUSION

¶ 36     For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 37     Affirmed.