2019 IL App (2d) 180144-U
No. 2-18-0144
Order filed December 13, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 09-CF-2452 |
| ROBERT J. BUNCH, | ) ) ) | Honorable George D. Strickland, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Birkett and Justice Hudson concurred in the judgment.

**ORDER**

¶ 1   *Held*: Appellate counsel's motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), was granted, and the judgment of the circuit court was affirmed, where there was no meritorious basis for challenging the denial of defendant's postconviction petition.

¶ 2   Following a jury trial in the circuit court of Lake County, defendant, Robert J. Bunch, was convicted of first-degree murder (720 ILCS 5/9-1(a)(1) (West 2008)) in connection with the shooting death of Jonathan Rush. Rush was killed in the early morning hours of June 16, 2009, after men broke into the apartment where his mother, Ethel Amos, lived with her boyfriend, Bobby Pennick. The State introduced evidence that Lorenzo White, who was then an inmate in the Lake County jail, telephoned defendant and asked him to beat up a family member. Rush was White's

half-brother.  White was upset that his family would not return a videogame console to him.  White telephoned defendant a second time and they discussed the planned offense again.  Both telephone conversations were recorded.  White arranged for one of Amos's neighbors, Ebony Moore, to let defendant into Amos's apartment building.  Amos testified that the men who broke into her apartment wore masks and she did not know who they were.  She testified that she was under the influence of drugs and alcohol when the offense took place.  However, in a prior written statement that was admitted as substantive evidence, she identified defendant as one of the intruders.  Pennick testified for the defense that he saw the intruders' faces and that defendant was not among them.  Another witness testified that he heard the intruders' voices and that none of them belonged to defendant.

¶ 3    Moore testified that she let defendant into Amos's building after he telephoned her, but she claimed that she did so hours before the offense occurred.  However, telephone records showed that defendant called Moore about half an hour before the offense.  Defendant testified that he only pretended to agree to the attack.  He was with his sister and her friend during the early morning hours of June 16, 2009.  He admitted, however, that he visited Amos's apartment and spoke with her the preceding evening about the videogame console.

¶ 4    While defendant's direct appeal was pending, he filed a petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)) in which he advanced a claim of actual innocence.  Following an evidentiary hearing at which defendant was represented by counsel, the trial court denied the petition.  This appeal followed.

¶ 5    The Office of the State Appellate Defender has been appointed to represent defendant in this appeal.  In accordance with *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993), counsel has filed a motion for leave to withdraw, in which he states

that he has reviewed the record and has concluded that this appeal presents no arguably meritorious issue. Counsel served a copy of the motion on defendant. The clerk of this court notified defendant of the motion and informed him that he would be afforded an opportunity to present, within 30 days, any additional matters to this court. Defendant filed a response.

¶ 6 Counsel contends that there is no meritorious basis for challenging the denial of defendant's postconviction petition. Counsel contends that defendant's actual-innocence claim was properly denied. Counsel also contends that there is no basis for arguing that postconviction counsel failed to provide reasonable assistance. We agree.

¶ 7 In support of his actual-innocence claim, defendant submitted affidavits from Tashanda Mason and Charmin Tillman. Mason claimed that around the time of the offense she saw three men in Moore's apartment, none of whom were defendant. Moore later told Mason that the men had killed Rush. Tillman claimed that she witnessed the shooting and that defendant was not involved. Although neither Mason nor Tillman appeared at the evidentiary hearing on defendant's petition, Tillman advised defense counsel that she was available the following week. The trial court concluded that their absence undermined their credibility. White submitted affidavits and testified at the evidentiary hearing. He claimed that he had enlisted individuals other than defendant to carry out the attack and that he implicated defendant to protect the real assailants.

¶ 8 Counsel contends that this evidence was insufficient to support an actual-innocence claim. We agree. Evidence in support of an actual-innocence claim must be, among other things, "of such conclusive character as would probably change the result on retrial." (Internal quotation marks omitted.) *People v. Allen*, 2015 IL 113135, ¶ 22. Considering the strength of the State's evidence at trial, the new evidence here indisputably fails to rise to that level. To change the result at trial, defendant would have had a high hurdle to clear: the overwhelming evidence of guilt

flowing from, *inter alia*, his tape-recorded conversations with White. At the evidentiary hearing on defendant's petition, White attempted to portray the conversations as an elaborate scheme to frame defendant, in which White somehow anticipated that defendant would agree to commit the crime but fail to follow through. Furthermore, White's testimony failed to account for the fact that Amos identified defendant to police. It strains credulity to believe that Amos was involved in a scheme that placed her and her family at great risk of physical harm. Leaving aside that Mason and Tillman failed to appear at the evidentiary hearing, their testimony would have been cumulative of the testimony of other witnesses who denied seeing (or hearing) defendant among the men who broke into Amos's apartment.

¶ 9 We also agree with counsel that there is no meritorious basis for arguing that postconviction counsel failed to provide reasonable assistance. Counsel here considered whether it was unreasonable for postconviction counsel to refrain from seeking a continuance so that Tillman could attend the evidentiary hearing. Because her testimony would have been cumulative of other evidence, it was not "of such conclusive character as would probably change the result on retrial." (Internal quotation marks omitted.) *Allen*, 2015 IL 113135, ¶ 22. The failure to seek a continuance thus was not prejudicial, and, absent prejudice, there is no basis for reversing the denial of defendant's petition. See *People v. Hotwagner*, 2015 IL App (5th) 130525, ¶¶ 37, 51.

¶ 10 Finally, defendant's response identifies no potentially meritorious issue that could be raised on appeal.

¶ 11 For the foregoing reasons, we grant counsel's motion to withdraw and we affirm the judgment of the circuit court of Lake County.

¶ 12 Affirmed.