2025 IL App (2d) 240640-U
No. 2-24-0640
Order filed December 3, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 09-CF-2452 |
| ROBERT J. BUNCH, | ) ) | Honorable George D. Strickland |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Presiding Justice Kennedy and Justice Mullen concurred in the judgment.

**ORDER**

¶ 1  *Held*:  The circuit court properly denied defendant's petition for leave to file a successive postconviction petition, as the petition was deficiently pleaded, unreasonable assistance of prior postconviction counsel is not a cognizable claim, and case law does not support reviving defendant's *pro se* allegations. Affirmed.

¶ 1  Defendant, Robert J. Bunch, appeals from the circuit court's order denying him leave to file a successive postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)). Defendant contends he adequately alleged cause and prejudice, was subjected to tiers of ineffective and unreasonable assistance of counsel, and was denied an adequate opportunity to collaterally attack his conviction. Moreover, he asserts that the circuit

court misapprehended the law when it denied his petition and improperly engaged in "fact finding" at the leave-to-file stage. For the following reasons, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3                              A. Trial and Direct Appeal

¶ 4      In 2011, defendant was represented by private counsel, James Schwarzbach and Lawrence Wade, and convicted of first degree murder (725 ILCS 5/9-1(a)(1) (West 2008)) under a theory of accountability. Defendant was sentenced to 38 years' imprisonment. See *People v. Bunch*, 2012 IL App (2d) 110404-U. In his post-trial motion, defendant alleged, *inter alia*, that (1) audio tapes between defendant, witness Ebony Moore, and co-defendant Lorenzo White, and the Sprint telephone records were admitted without proper foundation; (2) White's testimony was improperly admitted in contravention of his fifth amendment rights; (3) witness Ethyl Amos' redacted statement was improperly admitted as a prior inconsistent statement; (4) White's and Moore's audio recordings were improperly admitted under the coconspirator exception to the hearsay rule; (5) the court precluded defendant from raising an alibi defense and cross-examining the State's witnesses in line with this defense; (6) the court erred by providing Illinois Pattern Jury Instructions, Criminal, Nos. 5.03, 5.03A, 7.01, 7.02, 26.01, and 11.54 (4th ed. 2000) (hereinafter, IPI Criminal 4th); and (7) the court erred in denying his *Batson* challenge (*Batson v. Kentucky*, 476 U.S. 79 (1986)).

¶ 5      On direct appeal, appellate counsel argued only that the circuit court erred when it denied defendant's *Batson* challenge, and the court improperly imposed a DNA analysis fee. This court affirmed the circuit court's ruling but vacated the DNA analysis fee. See *Bunch*, 2012 IL App (2d) 110404-U, ¶¶ 14-16.

¶ 6                        B. First Postconviction Petition and Appeal

¶ 7    On December 10, 2012, defendant filed a *pro se* postconviction petition, alleging (1) the State committed a *Brady* violation (*Brady v. Maryland*, 373 U.S. 83 (1963)), where White previously told prosecutors that defendant was not involved in the murder; (2) ineffective assistance of trial counsel where counsel failed to present Amos' recantation affidavit at trial and failed to investigate and locate Michelle Pierson, an eyewitness to the murder; (3) ineffective assistance of appellate counsel for failing to raise trial counsels' ineffectiveness; (4) improper denial of White's fifth amendment rights; (5) newly-discovered evidence of actual innocence from Pierson indicating that defendant was not involved in the murder; (6) improper admission of audio recordings and Sprint telephone records without the necessary foundation; (7) the court improperly precluded defendant from presenting an alibi defense and cross-examining the State's witnesses in line with that defense; and (8) denial of a fair trial, where the court utilized improper jury instructions (IPI Criminal 4th Nos. 5.03, 5.03A, 7.01, 7.02, 26.01, and 11.54).

¶ 8    On March 7, 2013, the court advanced defendant's petition to second-stage proceedings, having found the petition stated the gist of a constitutional violation. Thereafter, the court provisionally appointed the public defender, pending an investigation of a potential conflict of interest. Specifically, the public defender's office was investigating whether a conflict existed by representing defendant in his postconviction petition, where it had previously represented the co-defendant, White, at trial. Ultimately, assistant public defender Erin Deeley was appointed; however, shortly after her appointment, on May 20, 2013, defendant asked private counsel, Schwarzbach and Wade (his trial attorneys), to represent him. Both private attorneys explained to the court that their own conflict analysis would be undertaken, as defendant's *pro se* claims of ineffectiveness implicated their representation. Nonetheless, both attorneys believed that defendant would abandon his claims of ineffectiveness, as "he [w]as attempting to champion the

issues [*sic*] of newly discovered evidence." In response, Deeley indicated that she discontinued working on defendant's case and advised him "about potential conflicts." At the conclusion of the hearing, the court granted Deeley leave to withdraw.

¶ 9    Thereafter, defendant's private attorneys sought additional time to speak with him about his claims and the potential conflict of interest. The court refused to bring defendant to court for future status hearings regarding the conflict, noting "[i]f he tells you that he wants you to raise the ineffective assistance claim, you then ethically have to remove yourself." Alternatively, the court further noted, if defendant waived his ineffective-assistance-of-counsel claim due to the conflict, it need not hold another hearing to discuss the matter further; rather, defense counsel "w[ould] submit an amended petition without [that claim]."

¶ 10    On August 20, 2013, defendant's private attorneys moved to withdraw, due to a conflict of interest. The court granted the motion and reappointed the public defender's office. John Hock appeared on behalf of defendant.

¶ 11    On May 14, 2015, Hock amended defendant's postconviction petition, asserting only two freestanding claims of actual innocence. Since defendant's trial, he obtained affidavits from Tashanda Mason and White averring that defendant did not commit the murder. Counsel did not incorporate by refence defendant's *pro se* claims. Additionally, he filed a Rule 651(c) certificate (Ill. S. Ct. R. 651(c) (eff. July 1, 2017)), affirming that he consulted with defendant, examined the record of the trial proceedings, and made any necessary amendments to the *pro se* petition. On June 22, 2015, the State moved to dismiss the postconviction petition, asserting that the evidence was not newly discovered, but, rather, cumulative of evidence adduced at trial. Defendant, thereafter, replied that the State argued only factual and credibility issues, which were not ripe for

second-stage review. On November 19, 2015, the court denied the State's motion to dismiss and advanced defendant's postconviction petition to the third stage.

¶ 12    On February 10, 2016, the day of defendant's scheduled third-stage hearing, defendant notified the court that he wished to rehire Schwarzbach and Wade as postconviction counsel. The court continued the cause for the attorneys' entry of appearance. On February 25, 2016, another attorney, David Weinstein, filed his appearance, and the court discharged the public defender's office. On June 6, 2016, Weinstein moved to withdraw. The court granted the motion and, on September 7, 2016, reappointed the public defender (Hock).

¶ 13    On March 21, 2017, while still in second-stage proceedings, Hock sought leave to file a supplemental postconviction petition adding an affidavit from witness, Charmin Tillman, to defendant's pending actual-innocence claim. Three months later, the court granted defendant leave to file the supplemental petition.

¶ 14    On August 25, 2017, the court conducted a stage-three hearing, heard testimony from White, and reviewed affidavits from Tillman and Mason. White testified that, on the night of the murder, he was already incarcerated in Lake County jail. There, he called Moore and had her initiate a three-way call with Anton Robinson. While on the phone, White and Robinson discussed framing defendant, as Robinson agreed to beat up White's brother and retrieve some property. White indicated that the phone records admitted at defendant's trial showed that defendant and White talked the night of the murder, and White testified that he asked defendant to beat up his brother; however, White did not believe defendant would carry out his request. White orchestrated framing defendant because he was angry at defendant, as defendant owed him money. After the murder, White called Robinson from a correction officer's phone. On the call, Robinson admitted to killing the victim. Robinson did not indicate that defendant was with him during the murder.

White did not disclose this information, or information about the three-way call, to the State before he testified against defendant.

¶ 15    On February 16, 2018, the court denied defendant's petition. The court found that while the evidence was noncumulative and newly discovered, the affidavits of Tillman and Mason were unreliable, untested (as the affiants failed to appear for the third-stage hearing), and would not have changed the outcome at trial. Regarding White's testimony, the court found he was not a credible witness, as his testimony contradicted the reliable telephone evidence, which demonstrated that the conversations between defendant, White, and Moore "interlocked" with each other and consistently discussed defendant's, not Robinson's, commission of the crime. Defendant timely appealed the denial of his petition.

¶ 16    On appeal, defendant was represented by the Office of the State Appellate Defender, specifically the same attorney who handled his direct appeal. On September 16, 2019, counsel moved to withdraw, pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). This court granted defense counsel's motion and dismissed the case on December 13, 2019. *People v. Bunch*, 2019 IL App (2d) 180144-U.

¶ 17                    C. Successive Postconviction Petition

¶ 18    On March 15, 2023, attorney Jed Stone entered his appearance in defendant's case, and, a week later, filed a motion for leave to file a successive postconviction petition. Therein, defendant argued that he established cause, where his postconviction attorney acted unreasonably by (1) abandoning defendant's *pro se* claims after filing an amended postconviction petition, (2) failing to raise claims of ineffective assistance of appellate counsel, and (3) being *per se* conflicted. Separately, he asserted that he was prejudiced, where (1) he was denied a fair trial because the court considered unauthenticated telephone records, which were never connected to him; (2) the

State failed to correct the perjury of its witness, Moore; (3) the State committed prosecutorial misconduct when it misstated the facts, called defendant a "killer," and called defendant's witnesses liars; and (4) the State committed a *Brady* violation by failing to disclose authenticating witness, Dina Navarro, counsel improperly failed to challenge Navarro's testimony, and counsel improperly failed to challenge the admission of his phone records, where the phone was seized 18 months prior to its search. Also, within the motion for leave, defendant alternatively requested that he be granted leave to amend his initial *pro se* petition and proceed to second-stage proceedings as to his abandoned *pro se* claims.

¶ 19    On July 20, 2023, defense counsel filed a "Memorandum of Law in Support of [Defendant]'s Motion for Leave to File a Successive (or Second) Post-Conviction Petition, as Requested by This Honorable Court." Therein, defendant asserted that he was entitled to a "rehearing" of his initial postconviction petition because his *pro se* claims of error were improperly abandoned by counsel at the second stage, which amounted to unreasonable assistance of postconviction counsel.

¶ 20    On August 3, 2023, a hearing was held on defendant's motion for leave to file a successive postconviction petition, and the court denied it. Regarding defendant's phone calls, the court found that a sufficient foundation was laid to introduce audio from defendant's calls because he testified that it was his voice on the calls. Further, trial counsel and appellate counsel were not ineffective for failing to challenge the admission of the phone records, where their admission would not have changed the result of the case on retrial because defendant admitted that his voice was on the recorded call. The circuit court also concluded that defendant waived this issue, as it was not raised on direct appeal or in the initial postconviction proceedings. Next, the court found White's testimony not credible, thus, his testimony would not likely change the result on retrial.

¶ 21    As to any potential perjury, prosecutorial misconduct, and counsel's failure to file a motion to suppress evidence because defendant's phone was searched 18 months after it was seized, the court found that these issues were known "beginning at the trial and then going through the first appeal, first post conviction [*sic*] and then the second appeal," and were therefore waived. Additionally, as to prosecutorial misconduct, defendant's jury was given corrective instructions. Regarding the allegations of perjury, Moore was impeached regarding her inconsistent statements at trial, and her statements would not have changed the result of the case. Finally, as to the motion to suppress, the court found there were no facts (apart from the length of time) that challenged the veracity of the search warrant.

¶ 22    The court also found that defendant's claims that postconviction counsel operated under a *per se* conflict are not cognizable under the Act, as it requires that "the postconviction petition must be aimed at the proceedings which resulted in the conviction." 725 ILCS 5/122-1(a)(1) (West 2022). Moreover, the court found that no *per se* conflict existed. The court also found that defendant's attorneys were not unreasonable or ineffective, where they failed to pursue defendant's other *pro se* postconviction claims because the claims were non-constitutional. These claims, according to the court, were also waived, as defendant's postconviction and appellate counsel were aware of the claims and did not pursue them.

¶ 23    On September 1, 2023, defendant timely filed a motion to reconsider the denial of his motion for leave to file a successive postconviction petition. Therein, defendant argued that the circuit court utilized an incorrect standard in making its decision, improperly engaged in fact finding, and misstated the facts and the law. Appended to the motion to reconsider was a "draft" for a second successive postconviction petition.

¶ 24     On June 3, 2024, defendant formally filed a second motion for leave to file a successive postconviction petition, alleging his actual innocence based on an affidavit from Pierson, stating that defendant did not commit the murder.

¶ 25     Three months later, on September 25, 2024, the court held a hearing addressing defendant's motion to reconsider the denial of leave to file his first successive postconviction petition and defendant's second motion for leave to file a successive postconviction petition (alleging actual innocence). Importantly, here, the court denied the motion to reconsider primarily basing its ruling on defendant's failure to establish cause and prejudice and, secondarily, on waiver. The court also noted that it did not engage in any improper credibility findings, as it considered only the well-pleaded facts regarding prejudice. However, the court granted defendant leave to file his second successive postconviction petition.[1]

¶ 26     On October 24, 2024, defendant filed a timely notice of appeal in this case.

¶ 27                                    II. ANALYSIS

¶ 28     Defendant alleges that he sufficiently showed cause and prejudice to warrant granting him leave to file his successive postconviction petition. Defendant also argues that the court misinterpreted the law, misapplied waiver, and improperly made factual determinations at the leave-to-file stage. Next, defendant raises unreasonable- and ineffective-assistance-of-counsel claims, based on "tiers" of deficient performance by his prior attorneys. Finally, as an alternative

---

[1]On October 18, 2024, defendant filed a motion to stay proceedings of his actual-innocence case while an appeal was taken on the denied motion to reconsider. The court, ultimately, granted defendant's motion to stay.

remedy, defendant asserts that his *pro se* petition should be restored to second-stage proceedings because his postconviction attorney abandoned his *pro se* claims for relief.

¶ 29    In response, the State alleges pleading deficiencies with defendant's motion for leave to file a successive petition and procedural bars to defendant's claims. Moreover, the State asserts that initial postconviction counsel was not obligated to raise defendant's *pro se* claims, nor do those claims now establish cause and prejudice. Finally, the State argues that defendant's *pro se* claims should not be returned to second-stage proceedings, as he obtained a full and fair third-stage hearing on his petition.

¶ 30    For the following reasons, we conclude that defendant's successive petition is deficiently pleaded. In accordance with section 122-1(f) of the Act and *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002), a successive postconviction petition must allege claims for relief, and, regarding each claim, a defendant must "identify[] an objective factor that impeded his or her ability to raise a specific *claim* during his or her initial post-conviction proceedings" and "show[] prejudice by demonstrating that the *claim* not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2022) (emphasis added). Defendant has failed to assert claims for relief that relate to individual allegations of cause and prejudice. This is fatal to his appeal. Additionally, we conclude that the circuit court did not err in denying defendant's leave to file a successive postconviction petition; defendant's claims of unreasonable and ineffective assistance of counsel, as alleged here, are not cognizable under the Act; and defendant's *pro se* petition should not be revived at the second stage.

¶ 31                              A. Pleading Cause and Prejudice

¶ 32                                  1. *Legal Standard*

¶ 33   The Act provides a procedural mechanism for a defendant to challenge his conviction and sentence, where there was a substantial violation of his federal or state constitutional rights. *People v. Coleman*, 183 Ill. 2d 366, 378-79 (1998); *People v. Davis,* 2014 IL 115595, ¶ 13. However, the Act contemplates the filing of only a single petition. *Pitsonbarger*, 205 Ill. 2d at 456; 725 ILCS 5/122-1(f) (West 2022). Successive petitions are disfavored, as any claim of a substantial denial of a constitutional right not raised in the original petition is deemed waived. *People v. Coleman*, 2013 IL 113307, ¶ 81. This statutory bar will be relaxed only when fundamental fairness requires it. *Id.*

¶ 34   A successive filing requires leave of court. 725 ILCS 5/122-1(f) (West 2022). For leave to be granted, a defendant must make a *prima facie* showing of both cause and prejudice—cause for the failure to raise the claims in the initial petition and prejudice resulting from the claimed errors. *Id*. The cause-and-prejudice test is a higher burden than the frivolous-or-patently-without-merit standard for initial postconviction pleadings. *People v. Edwards*, 2012 IL 111711, ¶¶ 24-29. To establish cause, a defendant must show "an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." 725 ILCS 5/122-1(f) (West 2022). To establish prejudice, a defendant must show the claimed constitutional error "so infected the trial that the resulting conviction or sentence violated due process." *Id*. A defendant must establish cause and prejudice as to *each individual claim* asserted in a successive postconviction petition to circumvent *res judicata* and waiver principles. *Pitsonbarger*, 205 Ill. 2d at 463 (this rule was subsequently codified into statute when the General Assembly passed section 122-1(f) of the Act). We review the circuit court's denial of a motion for leave to file a successive postconviction petition *de novo. People v. LaPointe*, 365 Ill. App. 3d 914, 923 (2006).

¶ 35                                     2. *Defendant's Pleading Approach*

¶ 36    In defendant's opening brief, he disjointedly alleges that he made "both a 'gist' showing and a *prima facie* showing" of "cause" for his late filing and separate allegations of "prejudice." Defendant failed to assert claims for relief and justify each individual claim under the cause-and-prejudice standard. Moreover, no allegation of cause is related to any single allegation of prejudice. As to cause, defendant asserts two reasons for his late filing: (1) "[postconviction] [c]ounsel failed to amend his *pro se* claims and subjected [defendant] to procedural bars, and (2) [postconviction] [c]ounsel performed under a *per se* conflict where he was tasked with challenging the precise testimony procured by his office in earlier proceedings." Regarding his separate allegations of prejudice, defendant argues he sufficiently pleaded prejudice in four ways: (1) "the cellphone was attenuated from [defendant] and the recordings were absent proper authentication"; (2) "[the defense] was ambushed by an undisclosed witness [Navarro] who laid the foundation for the cellphone used in the recordings, but possessed exculpatory information"; (3) "[t]rial [c]ounsel was ineffective for failing to object to [witness] Navarro's testimony and failing to examine her"; and (4) "[t]rial [c]ounsel should have moved to suppress the fruits of a search warrant obtained 18 months after the State had the item in their possession." Also, within his prejudice argument, he attempts to incorporate additional contentions of prejudice by reference to the circuit court record.

¶ 37    In response, the State argues that defendant "asserted one set of arguments as to cause, and a disconnected array of arguments on prejudice," thus, the "circuit court was not obligated to attempt to assemble [defendant's arguments] into individuals claims for his benefit." Thereafter, in reply, defendant argues an additional reason for cause—that he received ineffective assistance of appellate counsel—and that no case law requires a nexus between cause and prejudice. We agree with the State.

¶ 38                    3. *Analysis of the Pleadings - Generally*

¶ 39    In *Pitsonbarger*, the supreme court held that "the fundamental fairness exception applies to claims, not to petitions, and the cause-and-prejudice test must be applied to individual claims, not to the petition as a whole." *Pitsonbarger,* 205 Ill. 2d at 462. "That is, [a defendant] must show how the deficiency in the first proceeding affected his ability to raise each specific claim." *Id*. at 463.

¶ 40    Here, defendant fails to make that showing. Defendant's claimed cause for filing his motion for leave to file a successive petition do not relate to his allegations of prejudice, nor does defendant show how his proposed prejudicial errors "so infected the trial" that his constitutional rights were violated. See 725 ILCS 5/122-1(f) (West 2022). Rather, defendant makes no connection or individual analysis of cause and prejudice as to *each* of his proposed claims for relief. For example, as to cause, defendant alleged unreasonable assistance of postconviction counsel and that same counsel also operated under a *per se* conflict. However, he does not indicate how these allegations excused his failure to allege *any* presently listed claim in his initial postconviction petition. Instead, we, like the circuit court, would be obligated to connect these disjointed arguments to meet the pleading requirements. We decline to do so.

¶ 41            4. *Failure to Sufficiently Plead Ineffective Assistance of Counsel*

¶ 42    In addition to defendant's failure to properly plead cause and prejudice, he has also failed to sufficiently plead ineffective assistance of counsel. Within defendant's opening brief, he alleges that unreasonable assistance of postconviction counsel and a *per se* conflict are sufficient to establish prejudice under the cause-and-prejudice standard. However, neither a conflict of interest nor unreasonable assistance of postconviction counsel, as alleged here, are complete justifications that excuse defendant's failure to allege, in the initial postconviction petition, prejudicial trial errors (failure to authenticate evidence, object to witness testimony, allege discovery violations,

and file a motion to suppress). Instead, to establish a complete claim, defendant should have alleged ineffective assistance of trial *and* appellate counsel, along with unreasonable assistance of postconviction counsel. Defendant failed to do that here. Rather, for most of his claims, defendant failed to allege any form of ineffective assistance of trial or appellate counsel. And, to the extent that he raised ineffective assistance of trial counsel for failing to object to testimony from, or failing to examine, Navarro, he failed to also allege ineffective assistance of *appellate* counsel. Defendant's failure to sufficiently allege *both* ineffective assistance of trial and appellate counsel is fatal to his case.

¶ 43    Defendant asserts in his reply brief that he argued ineffective assistance of appellate counsel as to cause, however, this is neither supported by defendant's opening brief, related to individual claims, nor a complete savings clause for the error. First, as to "cause," defendant failed to argue ineffective assistance of appellate counsel *at all* in his opening brief. As such, there were also no arguments framing defendant's individual claims of prejudice within the lens of ineffective assistance of appellate counsel. Instead, defendant attempts to incorporate by reference claims of ineffective assistance of appellate counsel and allegations of prejudice made in his motion for leave to file a second successive postconviction petition and his "draft" petition. Defendant fails to raise these contentions on appeal with citation to relevant legal authority. Accordingly, defendant's attempts to incorporate additional claims of prejudice and ineffective assistance of appellate counsel into his appellate brief are forfeited. See *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993) ("A reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented (134 Ill. 2d R. 341(e)(7) [eff. Oct. 1, 2020]), and it is not a repository into which an appellant may foist the burden of argument and research [citation]; it is neither the function nor the obligation of this court to act as an advocate or search the record for error

[citation]."); *People v. Dorsey*, 2021 IL 123010, ¶ 70 (issues not raised in a motion for leave to file a successive postconviction petition are forfeited); *People v. Harris*, 2024 IL 129753, ¶ 63 (noting that points raised for the first time on reply are, generally, forfeited). Accordingly, any attempt by defendant to backdoor ineffective-assistance-of-counsel arguments into his motion for leave to file a successive postconviction petition or opening brief are forfeited.

¶ 44        5. *Defendant's Allegations of Cause do not Justify his Successive Filing*

¶ 45     Defendant alleges that postconviction counsel's *per se* conflict and unreasonable assistance of counsel were sufficient to meet the cause-and-prejudice standard. However, here, neither a conflict of interest nor unreasonable assistance of postconviction counsel excuses defendant's failure to raise his present allegations of prejudice in his initial *pro se* postconviction petition. As alleged, many of defendant's current claims of error could have been, but were not, included in his *pro se* petition. Defendant's failure to include those allegations in his *pro se* petition failed to alert postconviction counsel to those potential claims. Where counsel was unaware of potential claims, he never had the opportunity to research and shape these allegations into a proper legal form. Thus, counsel could not have performed unreasonably.

¶ 46     Specifically, in defendant's *pro se* petition, he argued, *inter alia*, (1) the State committed a *Brady* violation, where White previously told prosecutors that defendant was not involved in the murder; (2) ineffective assistance of trial counsel because counsel failed to present Amos' recantation affidavit at trial, and failed to investigate and locate Pierson; (3) ineffective assistance of appellate counsel for failing to raise trial counsels' ineffectiveness; (4) improper denial of White's fifth amendment rights; (5) newly discovered evidence of actual innocence from Pierson indicating that defendant was not involved in the murder; (6) improper admission of audio tapes and Sprint telephone records without the necessary foundation; (7) the court improperly precluded

defendant from presenting an alibi defense and cross-examining the State's witnesses in line with that defense; and (8) he was denied a fair trial, where the court utilized improper jury instructions. In comparison to his present allegations, defendant's initial petition never discussed being ambushed by an undisclosed witness (Navarro), his counsel's failure to examine Navarro or object to her testimony, or the circuit court's failure to "suppress the fruits of a search warrant obtained 18 months after the State had [defendant's phone] in their possession."

¶ 47　Postconviction counsel is not required to comb the record for allegations of constitutional violations. *People v. Rials*, 345 Ill. App. 3d 636, 641 (2003). Rather, counsel need only to consult with defendant, examine the records of defendant's trial proceedings, and make all necessary amendments to defendant's *pro se* petition. *People v. Addison*, 2023 IL 127119, ¶ 20. These requirements also encompass counsel's duty to shape defendant's *pro se* claims into appropriate legal form. *Id.* ¶ 19. Here, many of defendant's present allegations of prejudice were not included in his *pro se* postconviction petition. Meaning, the initial postconviction counsel was never afforded the opportunity to research and shape these claims into the proper legal form. Nor did counsel have an obligation to search the record for those claims raised in the post-trial motion but not raised on direct appeal. Ergo, counsel cannot be unreasonable for failing to shape claims that were never presented to him. Thus, defendant's justifications for cause, related to his prejudice allegations, are unhelpful.

¶ 48　　　　　　　　　　　　　6. *Incognizable Errors*

¶ 49　Finally, most of defendant's allegations of prejudice are not constitutional errors cognizable under the Act. Relief under the Act is only available for *constitutional* deprivations that occurred at the defendant's original trial. *People v. Guerrero*, 2012 IL 112020, ¶ 14. For example, defendant's assertions that (1) "the cellphone was attenuated from [defendant] and the recordings

were absent proper authentication"; (2) "[he] was ambushed by an undisclosed witness who laid the foundation for the cellphone used in the recordings, but possessed exculpatory information"; and (3) the "[t]rial [c]ourt should have moved to suppress the fruits of a search warrant obtained 18 months after the State had the item in their possession," are all alleged trial errors, without any constitutional underpinnings, where insufficient ineffective-assistance-of-counsel claims are tied to cause. Accordingly, defendant's failure to present cognizable claims in his motion for leave to file a successive postconviction petition precludes review.

¶ 50                                    B. Circuit Court's Determination

¶ 51    Defendant next argues that the circuit court erred in denying his motion for leave to file a successive postconviction petition because it conducted improper fact-finding, misconstrued the law of "cause and prejudice," and misapplied waiver. We conclude that the circuit court did not err in denying the motion for leave to file, as defendant's successive postconviction petition was insufficiently pleaded, thus, precluding proper review.

¶ 52    At the motion to reconsider hearing, regarding the issue of unreasonable assistance of counsel, the court found that postconviction counsel filed a Rule 651(c) certificate, thereby raising a presumption that counsel performed reasonably. The court determined, first, that defendant failed to rebut the presumption that counsel performed reasonably. Second, the court determined that counsel could not raise a *claim* addressing unreasonable assistance of postconviction counsel in a successive postconviction petition because a claim attacking a ruling from another postconviction petition was not cognizable under the Act. *People v. LaPointe*, 2023 IL App (2d) 210312, ¶¶ 15-17.

¶ 53    On appeal, defendant asserts that he pleaded unreasonable assistance of counsel as to cause, and not prejudice. Counsel's claim, by admission, was not a freestanding claim of unreasonable

assistance of counsel. Instead, he is arguing that the court improperly applied *LaPointe* to his allegations of cause contained in the motion for leave.

¶ 54 Operating under the constraints of defendant's arguments, as indicated above, he failed to properly plead unreasonable assistance of postconviction counsel as cause, relating to the late filing of *any* of defendant's underlying claims. Defendant's allegation of unreasonable assistance of counsel was neither connected to *any* underlying claim, nor pleaded sufficiently in the motion for leave to create a meritorious chain of ineffective assistance of trial and appellate counsel. The circuit court was in the unenviable position of deciphering defendant's claims for relief by attempting to connect unrelated ideas, thus, it defaulted to examining defendant's unreasonable-assistance allegation as a freestanding claim. As defendant now admits, this was not a freestanding claim, and we will not construct new arguments for the defense. *People v. Chatman*, 357 Ill. App. 3d 695, 703 (2005) (noting this court is "not simply a repository in which appellants may dump the burden of argument and research"). Unlike the circuit court, we will not engage in "gap-filling" methods to concoct cohesive arguments on defendant's behalf. See *id.*; Ill. S. Ct. Rule 341(h)(7) (eff. Feb.6, 2013) (requiring that appellant's brief include "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on."). As we may affirm for any reason substantiated by the record, we conclude that the circuit court did not err in denying defendant's motion for leave to file because the motion for leave to file a successive postconviction petition was deficiently pleaded. *People v. Lee*, 344 Ill. App. 3d 851, 853 (2003) (under a *de novo* standard, the appellate court reviews only the circuit court's judgment and not the reasons for the judgment).

¶ 55 Defendant also asserts that the circuit court improperly made factual determinations at the leave-to-file stage and misapplied waiver. Specifically, defendant argues that the (1) court

provided speculative commentary, when it stated that defendant's *pro se* claims, not incorporated into the amended petition, would not have survived second-stage review; (2) court's finding that defendant admitted that his voice was on the phone recording was contrary to the well-pleaded facts and record; and (3) court's determination that the public defender's office was not *per se* conflicted should have been reserved for a third-stage hearing. As to waiver, he opines that "if [defendant] sufficiently pled cause and prejudice as argued *supra*, he was entitled to have his claims reviewed without consideration of waiver." Defendant's arguments are unpersuasive.

¶ 56     As noted above, our review of defendant's motion for leave to file a postconviction petition is *de novo*. *LaPointe*, 365 Ill. App. 3d at 923. Given our standard of review, we need not address defendant's arguments that the circuit court's reasons for denying the motion for leave to file were improper. We may affirm the circuit court for any basis supported by the record, even if the court reasoned incorrectly. *Lee,* 344 Ill. App. 3d at 853. As noted previously, defendant's motion for leave to file a successive postconviction petition was so deficiently pleaded, his claims are insufficient for review. Irrespective of the court's factual and legal findings, the court was correct to deny defendant's motion for leave to file.

¶ 57                     C. Unreasonable Assistance of Counsel

¶ 58     Next, despite defendant's initial contention that his unreasonable-assistance-of-counsel claim was "expressly phrased as arguments for 'cause' in his motion for leave to file," and, thus, was not a freestanding claim, he now contends, however, that he suffered cause *and* prejudice due to unreasonable assistance of postconviction counsel during his initial postconviction proceedings. Despite defendant's deficient pleadings, the circuit court addressed defendant's argument as a freestanding claim of unreasonable assistance and found that it was not cognizable under the Act. The circuit court's ruling was not erroneous.

¶ 59    Pursuant to the Act, a defendant may collaterally attack his or her conviction and sentence, where there has been a substantial constitutional violation. 725 ILCS 5/122-1(a)(1) (West 2022). Although there is a constitutional right to counsel at trial (*Strickland v. Washington*, 466 U.S. 668 (1984)), the right has not been found to apply in postconviction proceedings. *Pennsylvania v. Finley*, 107 S. Ct. 551, 555 (1987). Rather, the right to postconviction counsel is "a matter of legislative grace." *People v. Custer*, 2019 IL 123339, ¶ 30. As such, postconviction petitioners are entitled only to "the level of assistance guaranteed by the Act." *Id*. That assistance has been judicially deemed to be a "reasonable" level of assistance. *Id*. Accordingly, petitioners cannot claim sixth amendment ineffective assistance of counsel relating to postconviction proceedings, because counsel is not constitutionally mandated in those proceedings. *People v. Flores*, 153 Ill. 2d 264, 276 (1992) (citing *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (holding that where there is no constitutional right to counsel there can be no deprivation of effective assistance)). Therefore, a defendant's claim of unreasonable assistance of counsel at a prior postconviction proceeding is not cognizable under the Act, because the Act only addresses constitutional deprivations. *Id.*

¶ 60    This intent is also expressly noted in the Act: a petitioner may assert constitutional deprivations that occurred "in the proceeding which resulted in his or her *conviction*." *Id*. (Emphasis added.); see also 725 ILCS 5/122-1(a)(1) (2022). The Act is intended to "permit inquiry into the constitutional issues involved in the 'original' proceeding," not as a mechanism for challenging prior postconviction proceedings. *Flores*, 153 Ill. 2d at 277; accord *People v. LaPointe*, 2023 IL App (2d) 210312, ¶ 16.

¶ 61    Defendant now claims that he suffered cause and prejudice from "tiers" of deficient counsel, including unreasonable assistance of postconviction counsel and ineffective assistance of

appellate counsel stemming from his original postconviction petition. Counsels' deficient performance in a *prior postconviction proceeding* is not a cognizable claim under the Act. Not only are these claims not attacking the "proceeding which resulted in [defendant's] conviction," but they are also not constitutional in nature. As such, defendant's claims of ineffective assistance of appellate counsel and unreasonable assistance of counsel, regarding his first postconviction proceeding, are beyond the scope of the Act and our review.

¶ 62                              D. Reinstate the *Pro-se* Petition

¶ 63     Finally, defendant asserts that the circuit court erroneously assumed that defendant sought to reinstate his initial *pro se* petition. Citing *People v. Taylor*, 2022 IL App (2d) 190951, defendant asserts that his *pro se* allegations were abandoned and, thus, his petition should be revived at the second stage. We find *Taylor* is inapposite to this case.

¶ 64     In *Taylor*, the defendant appealed his convictions but his case was ultimately dismissed because two attorneys withdrew and no other appellate counsel entered an appearance. *Id*. ¶ 1. In response to this dismissal, on March 13, 2019, the defendant filed a *pro se* petition for relief pursuant to the Act, arguing his appellate counsel was ineffective for failing to proceed with the appeal. Nine days later, counsel filed an appearance and an opening brief, so the appellate court reinstated the defendant's appeal. *Id.* Thereafter, the circuit court dismissed the defendant's *pro se* petition for relief, finding that his claims were moot after his appeal was reinstated. Thereafter, on May 9, 2019, the defendant filed a subsequent postconviction petition. The circuit court dismissed this petition, finding that it was a successive postconviction petition, which was filed without leave of the court. *Id.*

¶ 65     On appeal, this court held that the defendant's May 9 petition was not a successive petition (requiring leave of the court), because his initial petition was dismissed as moot, rather than as

frivolous or patently without merit, and was "not a true collateral attack on his conviction and sentence." *Id*. ¶¶ 24, 31. Therefore, the defendant's March 13 petition was not dismissed pursuant to the Act. *Id.* ¶ 24. We further find that the reference to "one petition *** without leave of the court," in section 122-1(f), requires that a defendant be given one *complete* opportunity to collaterally attack his or her conviction. *Id*. ¶ 29. Because the defendant in *Taylor* was denied an initial, complete opportunity to challenge his conviction, we restored his petition to the procedural posture he would have enjoyed had his March 13 petition not been filed. *Id*. As such, the defendant's May 9 petition was recharacterized as an initial postconviction petition. *Id*. ¶ 31.

¶ 66    *Taylor* is inapplicable here. Unlike *Taylor*, defendant here had an initial, complete opportunity to challenge his conviction and sentence. He raised six *pro se* contentions of error, one of which advanced to a third-stage hearing. That postconviction counsel's amended petition did not include five of defendant's *pro se* contentions does not mean those claims were abandoned, or that defendant's challenge was incomplete. Postconviction counsel is not compelled to advance every claim included in the *pro se* petition, especially if those claims are frivolous. See *People v. Kuehner*, 2015 IL 117695, ¶ 15; *People v. Blake*, 2022 IL App (2d) 210154. In so finding, we conclude that defendant's claimed error here is not akin to *Taylor* and does not warrant reinstatement of his *pro se* petition at the second stage.

¶ 67                                III. CONCLUSION

¶ 68    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 69    Affirmed.